## ELY *et al.* v. FRISBIE *et al.*

DEFENDANTS claiming title under a Mexican grant and a patent issued upon its confirmation by the United States, bring ejectment against plaintiffs for certain premises in their occupation; plaintiffs, claiming as United States pre-emptioners, then file their bill in the same Court, to enjoin defendants from introducing in evidence or using the survey, plat or patent, on the trial of the ejectment, until the determination of an action averred to be pending in the United States Circuit Court, by the United States against defendants and others claiming with them, to annul the survey, plat and patent, on the ground of fraud in the survey, and in procuring the patent—the bill also averring such fraud: *Held,* that injunction does not lie; that the patent, until set aside, is conclusive evidence of the validity of the grant, of its recognition and confirmation, and also of the regularity of the survey, and of its conformity with the decree of confirmation; and that defendants claiming to be pre-emptioners upon land of the United States, have no standing in Court to resist the patent.

The patent took effect as the deed of the United States at the date of the presentation of the claim under the grant to the Board of Land Commissioners, in August, 1852. It is the record of the Government, that on that day the land it embraces was within the boundaries designated by the grant, and subject to appropriation to satisfy the claim of the heirs of the grantee, and until vacated it imports *as against the Government, and all parties claiming under the Government by title subsequent,* absolute verity. It can only be impeached by the Government by direct proceedings for its annulment or limitation, and such proceedings, unless accompanied by injunction from the Court in which they are taken, cannot, before decree, impair the rights of the patentees, or those claiming under them; and the institution of the suit of the United States constituted, of itself, no ground for granting the injunction.

Defendants in this case, in answer to a rule to show cause why an injunction should not issue, filed their answer denying fully the allegations of the complaint, and verified in substance thus: "Wm. H. P., one of the defendants, being sworn, says his codefendant F. left this State for the State of New York before the complaint herein was filed, and is not in this State; that the foregoing answer is true, of this defendant's own knowledge, except as to the matters therein stated to be upon the information and belief of defendants, and as to those matters he, this defendant, believes the same to be true:" *Held,* that the verification of the answer, though not complying in form with the exact language of the statute, is sufficient to entitle the answer to be used as an affidavit.

*Held, further,* that the exhibits attached to the answer—consisting of copies of the pleadings and proceedings in the action in the United States Circuit Court—needed no further verification than what arises from the statement in the answer that they are such copies; that no distinct verification of them was requisite; and that were it otherwise, then the certificate of the United States Circuit Court Clerk was sufficient.

The "party aggrieved," entitled to appeal within the meaning of the three hundred and thirty-fifth section of the Practice Act, is the party against whom an

Ely *v.* Frisbie.

appealable order or judgment has been entered.  And when an order is made directing an injunction upon condition that an undertaking be executed and filed, the party against whom the order is made may appeal at once, without waiting until the injunction has issued.

APPEAL from the Seventh District.

The verification to the answer was as follows : " Wm. H. Patterson, one of the defendants, being sworn, says his codefendant, Frisbie, left this State for the State of New York before the complaint herein was filed, and is not in this State ; that the foregoing answer is true of this defendant's own knowledge, except as to the matters therein stated to be upon the information and belief of defendants, and as to those matters he, this defendant, believes the same to be true."

The other material facts are stated in the opinion of the Court. Defendants appeal from the order granting the injunction.

*Patterson & Stow*, for Appellants.

I.   The Court below, on motion, having granted the injunction or order appealed from, the only remedy of appellants is to appeal. It is an appealable order.   (Practice Act, sec. 347 ; *Natoma W. & M. Co.* v. *Clarkin*, 14 Cal. 544 ; *Natoma W. & M. Co.* v. *Parker*, 16 Id. 83.)

II.   It follows that when the defendants appeared to show cause, they should have been allowed to read their answer and exhibits thereto attached as an answer, and the same should have been considered by the Court.

" If the answer denies plumply and without equivocation all the material allegations of the complaint, the injunction will be dissolved."   (*Gardner et al.* v. *Perkins*, 9 Cal. 553 ; *Burnett* v. *Whitesides*, 13 Id. 156.)

III.   The Court below should have permitted defendants to read their answer and exhibits as affidavits.   (*Hicks* v. *Michael*, 15 Cal. 17.)

IV.   Upon the showing of plaintiffs, an injunction should not have been granted.   The plaintiffs do not aver that they have or ever had any title ; they aver that they are possessed, and have been for several years, under and in pursuance of the preëmption. laws of the United States and settler acts of this State.

The complaint itself shows that the lands were claimed—1st, under a Mexican grant; 2d, that such claim was confirmed on the seventh of April, 1857, and appeal dismissed; 3d, that the same were finally surveyed and approved by the United States Surveyor General; 4th, that the United States had issued a patent.

True, plaintiffs charge all those acts to have been obtained and done by fraud committed by defendants on the United States. Plaintiffs cannot attack the patent for any of the causes alleged in the complaint. (*Mott* v. *Smith*, 16 Cal. 533; *Yount* v. *Howell*, 14 Id. 465; *Biddle Boggs* v. *Merced Mining Co.*, Id. 279.)

The only theory upon which plaintiffs' case rests is founded on the supposition that the patent locates and embraces land which plaintiffs say was not embraced in the Mexican grant, and that they can for that reason attack the patent.

We answer, that they are in no better position than the Merced Mining Company, and in not as good as the defendants in *Moore* v. *Wilkinson*, (13 Cal. 478) or in *Waterman* v. *Smith* (Id. 373).

The patent relates back to the grant—fourteenth of October, 1843—or at least to the presentation of the petition to the Land Commission—fifth of August, 1852. In either case, it was before the preëmption laws were in force in California, and of course before plaintiffs had acquired any rights as preëmptioners. (*Moore* v. *Wilkinson*, 13 Cal. 478.)

*Thompson & Glassell*, for Respondents.

I.  The right to appeal to this Court only lies in favor of a "party aggrieved." (Prac. Act, sec. 335.)  This appeal is from an order granting an injunction upon a condition precedent, to wit: "Upon the plaintiffs, within twenty-three days from this date, executing and filing with the Clerk of this Court an undertaking, as required by statute on granting injunctions, in the penal sum of $15,000," etc.

There is nothing in the record to show that at the time the appeal was taken, or prior thereto, or subsequently, any such undertaking was filed, or that any injunction ever issued.

There is nothing to show that at the time the said appeal was

taken, or at any time before or afterwards, the appellants were stayed or restrained in suing out or using any execution or legal process whatever ; or restrained or enjoined from doing anything by reason of said order or otherwise.

In what the grievance of appellants consists cannot be discovered from the record ; and therefore the appellants have no cause of appeal or standing in this Court.

II.    The object of the bill in this case is not to attack the defendants' patent.    That, it may be conceded, can only be done by the United States directly, in their own name.    The bill sets up that the patent is fraudulent; and that the United States in their own name have instituted proceedings to determine that fact, and to annul the said patent ; and prays that until those legal proceedings can be determined, the defendants herein be restrained from using that patent against plaintiffs in a certain action of ejectment by which plaintiffs herein were brought into the Court below as defendants, occupying the lands covered by the fraudulent patent.

The plaintiffs stand in the Court below on the grounds that they were brought there by the action of the defendants expressly asking the Court to enforce that patent against them ; that they are the equitable holders of the lands covered by the fraudulent patent under the United States—lands which the United States in and by their bill referred to have declared to be public, and therefore subject to the occupation and equitable claims of the plaintiffs, and which, *prima facie*, the statute of this State presumes to be public. (Wood's Dig. 527, art. 2750.)

Plaintiffs stand there with the same rights that the United States would, if they could have been and had been sued in ejectment for the lands covered by the fraudulent patent.    The United States and the plaintiffs, who hold under the United States, would both have an equal right to resort to the equitable side of the Court for an order restraining the plaintiffs from using that fraudulent patent as evidence in such action of ejectment, until the question of fraud in the patent could be determined in the proper tribunal where that question was pending.

The ordinary finality or conclusiveness of the patent is here avoided by the action of the United States, and the question as to

the validity of the title of the grantee thereby becomes an open question between the United States and the grantee.

This action of the United States by which they, speaking through their proper attorney, declare that the patent is a fraud, and that the land in controversy is public and subject to the occupation and claims of the plaintiffs herein, distinguishes this case from those relied on by the appellants, to wit: *Moore* v. *Wilkinson*, *Boggs* v. *Merced Min. Co.* and *Waterman* v. *Smith.* In those cases the Government of the United States and the grantees were both content with the patent, and in no manner questioned its validity or good faith.

III.   Courts of equity restrain grantees in the use of deeds and judgments obtained by fraud.   (Willard's Eq. Juris. 356, 160 ; 5 How. Pr. R. 141.)   As to the question of the right of the United States Circuit Court entertaining and acting on the bill of the United States to declare said patent fraudulent and void, see Willard's Eq. Jur. 165, and cases cited ; *Boggs* v. *Merced Min. Co.* (14 Cal.) and cases cited there.

IV.   The plaintiffs have a right to the relief on another ground. They have a standing in Court to show an outstanding title in the United States, inasmuch as the defendants do not rely on prior possession but on strict title in their said action of ejectment.   (*Bird* v. *Lisbros*, 9 Cal. 1.)   Having the right to plead the outstanding title in the United States, they must have the right to plead the unsettled condition of the title as between the United States and the defendants.

V.   The answer and exhibits were properly ruled out by the Court below as immaterial, and not properly verified.   The District Court of Sonoma county was not the forum for settling between the United States and the patentees the validity of the patent, or the charge of fraud alleged against it by the United States in their action ; and therefore the answer and exhibits, which bore only upon that issue, were immaterial to the matter before the Court.   The enormous mass of exhibits which were then offered were objectionable on the same ground, and also because they were not affidavits, but only purported to be copies of affidavits taken from the files of the United States Circuit Court.

Ely *v.* Frisbie.

The right to the relief sought by plaintiffs did not depend on their proving the truth of the bill filed by the United States, but the fact that the bill was filed and the action pending.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

This is an appeal from an order granting an injunction restraining the enforcement of a judgment recovered by the defendants for the possession of certain premises in the occupation of the plaintiffs, situated in Sonoma county. The defendants assert title to the premises under a grant issued to José German Pina, by Manuel Micheltorena, formerly Mexican Governor of California, and a patent issued upon its confirmation by the United States. The grant bears date in October, 1843, and the claim under it was presented by the heirs of the grantee to the Board of the United States Land Commissioners for confirmation, in August 1852, and was confirmed by the Board to the claimants in June, 1855. This decision of the Board was affirmed by the United States District Court in March, 1857, and the claim adjudged to be valid to the extent of four square leagues, provided the quantity were contained within the boundaries designated by the grant, and the map to which the grant refers. In April following, the Attorney General of the United States gave notice that an appeal would not be prosecuted in the case, and upon the stipulation of the District Attorney to that effect, the Court entered an order giving leave to the claimants to proceed upon its decree as upon a final decree. Soon afterwards the quantity specified—four square leagues—was surveyed under the directions of the Surveyor General of the United States for California, and in October, 1859, the survey was approved by that officer, and subsequently also by the Commissioner of the General Land Office at Washington. Upon the survey thus approved, and the decree of confirmation, the patent was issued on behalf of the United States to the claimants, bearing date in November, 1859. This patent embraces the premises in the occupation of the plaintiffs, and against them the defendants, who derive their title by conveyances from the patentees, instituted in July, 1860, an action of ejectment in the ordinary form. The

plaintiffs thereupon filed their present complaint, in which, after stating the commencement of the action of ejectment, they allege, in substance, that they are in possession of portions of the premises for the recovery of which that action is brought; that they, or the parties through whom they claim, acquired such possession in good faith, under the provisions of the Acts of Congress and of this State; that in pursuance of such provisions they became and are preëmptors and settlers, and are entitled to the portions thus possessed by them; that at the time of taking possession originally, these portions constituted part of the public lands of the United States, and but for the rights acquired by the defendants would still continue such public lands; that the defendants and others, with whom they claim title, by combination with a Deputy of the Surveyor General of the United States, fraudulently procured a survey and plot to be made, purporting to be of the tract confirmed to the heirs of Pina, but which in fact were made to include other lands than those embraced or intended to be embraced by the terms either of the decree of the Land Commission or of the United States District Court, so far as they include the lands lying in the valley of the Russian river, and occupied by the plaintiffs; that by like combination and by fraudulent representations the defendants obtained the approval of the survey and plot by the Surveyor General, and the issuance of the patent; that, by reason of these transactions and the consequent injuries effected, the United States, in May, 1860, instituted their action in the Circuit Court of the United States, against the defendants and others claiming with them, to obtain an annulment of the survey, and plot, and patent, so far as they embrace any of the lands situated in the valley of the Russian river; that said action is now at issue, and before it can be determined the ejectment will be brought to trial, and upon such trial the defendants threaten and intend to use the survey, plot and patent, and thereby—such is the language of the complaint— "wrongfully, and contrary to equity and justice, to obtain judgment against the plaintiffs;" and that without the aid of the equity powers of the Court, the plaintiffs will be unable to show or plead the fraudulent and invalid character of the survey, plot and patent, but will be subjected to their effect as evidence, and be concluded

by them.    The complaint concludes with a prayer that the defend-
ants be restrained from introducing or using in evidence or other-
wise the survey, plot or patent on the trial of the ejectment or in
any other similar action for the premises in the possession of the
plaintiffs, until the determination of the action brought by the United
States, and for general relief.

Upon the complaint duly verified the District Judge made an
order that the defendants show cause why an injunction should not
issue pursuant to its prayer.    On the day upon which the hearing
of the application on the return of the order was had, the defend-
ants filed their answer to the complaint, and offered to read it and
the exhibits annexed in opposition to the application, but to their
being read objection was taken on the ground that the matters they
contain were immaterial—and that they were not properly verified.
The objection was sustained and the answer and exhibits excluded.
The defendants thereupon produced the patent and the application
was submitted.    The District Judge held that the plaintiffs would
be entitled to an injunction in case the defendants recovered in the
action of ejectment, and made an order that such injunction issue
restraining the enforcement of any judgment which might be ob-
tained, upon the plaintiffs executing and filing within twenty-three
days thereafter an undertaking in the form required by statute, in
the penal sum of fifteen thousand dollars.    It is from this order that
the appeal is taken.    The ejectment was, in fact, tried the day
before it was entered, and the plaintiffs recovered judgment for the
possession of the premises and $10,000 damages.

The verification of the answer, though not complying in form
with the exact language of the statute, is sufficient to entitle the
answer to be considered as an affidavit, and as such it was offered.
The exhibits attached consist of the pleadings and proceedings in
the action brought in the name of the United States, and no verifi-
cation of them was required, further than what arises from the
statement in the answer that they are copies of such pleadings and
proceedings.    No distinct verification was necessary, and were this
otherwise, the certificate of the Clerk of the Circuit Court of the
United States was sufficient ; that certificate was ample authenti-
cation of the documents.    They were produced to show the nature

of the action and of the proceedings therein, as the pendency of that action constitutes the main ground upon which the plaintiffs base their claim to the equitable relief they seek.

The answer of defendants meets very fully the several allegations of the complaint, and in connection with the exhibits attached, strips the case of the plaintiffs of all apparent equity. It denies that the plaintiffs, or any of them, ever were in the possession of the premises in pursuance of the provisions of any Acts of Congress or of this State, or ever became preëmptioners thereunder, or that the premises occupied by them were ever public lands of the United States, and avers that the survey of the Deputy Surveyor was, in all respects, in accordance with the grant and the final decree of confirmation. It meets the charge that by fraudulent representations the approval of the survey was obtained from the Surveyor General, not merely by positive denial, but by stating that previous to its approval, and at the request of plaintiffs and their counsel, the Surveyor General personally visited the valley of the Russian river, and examined the topography of the country, and compared it with the Mexican grant and the map to which the grant refers, the final decree of confirmation, and the survey of the deputy ; that upon such examination and comparison he was accompanied by some of the plaintiffs and their counsel, and listened to what they had to say against the approval of the survey, and against including the valley within it ; and that it was only after careful investigation, and with full knowledge of all the facts, that the survey was finally approved by him. And with reference to the action brought in the name of the United States, the answer avers that the bill therein was drawn and filed at the instigation of the plaintiffs, and under the advice, supervision and control of their counsel, and that neither the Attorney General of the United States, the Secretary of the Interior, the Solicitor of the Treasury, nor any other person authorized on behalf of the United States so to do, directed or consented to the commencement of the action ; but that the defendants, notwithstanding, appeared in the action and answered, and filed certain affidavits and exhibits, copies of all which are annexed to the answer in the present case ; and that in the action application was made to the Circuit Court of the United States for an injunc-

tion against the defendants, which, after argument, was denied. The exhibits attached fully corroborate the allegations of the answer as to the survey, and indeed exhibit a case of an attempted disturbance of rights acquired under a patent of the United States, upon grounds which were fully considered before the survey was approved or the patent issued. It is possible that the proofs on the hearing of that suit may change the entire aspect of the proceeding. We speak of it only as it appears upon the papers presented on the application before the District Judge for the injunction. Upon those papers the application should have been denied.

But independent of the facts developed by the answer and exhibits, the application should have been denied upon the uncontradicted allegations of the complaint. The patent, until set aside, is conclusive evidence not merely of the validity of the original grant, and of its recognition and confirmation, but of the regularity of the survey, and of its conformity with the decree of confirmation. The complaint admits the existence of the patent, and only avers that proceedings have been taken to annul it. Until those proceedings have resulted in a decree setting it aside, or modifying it, its efficacy remains for all purposes. The defendants claiming to be preëmptioners upon lands of the United States, have no standing in Court by which they can resist its operation. It took effect as the deed of the United States, at the date of the presentation of the claim under the grant to the Board of Land Commissioners, in August, 1852. It is the record of the Government that on that day the land it embraces was within the boundaries designated by the grant, and subject to appropriation to satisfy the claim of the heirs of the grantee, and until vacated it imports as against the Government, and all parties claiming under the Government by title subsequent, absolute verity. It can only be impeached by the Government by direct proceedings for its annulment or limitation, and such proceedings, unless accompanied by injunction from the Court in which they are taken, cannot, before decree, impair the rights of the patentees, or those claiming under them, any more than an appeal from a judgment without a stay can affect the validity of an execution issued thereon. The institution of the suit of the United States constituted of itself, therefore, no ground for

granting the injunction; and had that suit been accompanied with a restraining order upon the defendants, against the use of the patent or survey, or interference with the premises, no motive would have existed for the application.

We do not consider the objection of the defendants, that the action in the name of the United States was instituted without the direction or consent of the Attorney General, or the Solicitor of the Treasury, or others having authority in the matter, as it is one which should more properly be made to the Court in which the action is pending.

The objection that as the order directs the injunction only upon condition that an undertaking be executed and filed, and as it does not appear that there was any such undertaking, the defendants are not " parties aggrieved," and as such entitled to appeal, is untenable. The parties aggrieved, within the meaning of the three hundred and thirty-fifth section of the Practice Act, who are entitled to appeal, are the parties against whom an appealable order or judgment has been entered. All orders for injunctions are made either upon an approval of an undertaking at the time, or upon condition that an undertaking be filed, and it is to prevent the execution of such orders that appeals are taken. It is not necessary for the party against whom an order has passed to wait until the injunction has already issued before taking his appeal.

Order reversed.