[No. 6,756.—Department No. 2.]

## LEWIS *v.* THE COUNTY CLERK OF SANTA CLARA COUNTY.

Insolvency Act of 1876 — Bankrupt Act — Constitutional Law.—The existence of the United States Bankrupt Law did not render the Insolvency Act of March 31st, 1876, unconstitutional, but merely postponed its operation; and upon the repeal of the Federal law, the State act became operative in regard to debts arising after its passage, whether arising before or after the repeal of the Federal law.

Prohibition to the County Court of Santa Clara County.

*Houghton & Reynolds,* for the Plaintiff.

The passage, by Congress, of the general Bankruptcy Law of March 2nd, 1867, suspended the *power* of the State to deal with the subject. And the power of Congress, when exercised, excluded all State legislation as to the matters covered by the act of Congress; and the act of the Legislature of this State of March 31st, 1876, (Laws of 1875–76, p. 581) under which these proceedings were commenced, is void. (*Sturges* v. *Crowninshield,* 4 Wheat. 191–96; *Ogden* v. *Saunders,* 12 id. 213, 383, 369; *Martin* v. *Berry,* 37 Cal. 208; *Mather* v. *Bush,* 16 John. 232–249; *Boedfeld* v. *Reed,* 55 Cal. 299 ; Const. U. S. art. 1, § 8, subd. 4.) It is claimed by the learned counsel for respondent, that the Act of 1876 was, in view of the Federal statute, passed, to take effect on condition that and when Congress should repeal its act; and the case of the brig *Aurora,* 7 Cranch, 382, is relied on to support this view; but if the legislative *power* was suspended the Legislature could not act at all.

*McKissick & Rankin,* for Respondent.

In *Boedfeld* v. *Reed,* this Court decided that the Insolvent Law of this State was merely suspended while the Federal Bankrupt Law was in existence, and that it came into operation immediately upon the repeal of the Bankrupt Law taking effect.

The Act of 1876 is a part of that system. It is made so by its title, and clearly appears to be so by the terms of the 5th and 8th sections. The Legislature, knowing that the State insolvent system would *ex proprio vigore* come again into effect on the repeal of the Federal law, and desiring to have that system more complete, passed the Act of 1876, supplemental to the old system.

MYRICK, J.:

An alternative writ of prohibition was directed to the then County Court of Santa Clara County, to prevent it from proceeding further in an insolvency matter under the Act of March 31st, 1876. The claims of two of the petitioning creditors accrued after the passage of the State Bankruptcy Law, and before the repeal of the Federal Bankruptcy Law; and the petitioner in this case claims that the act of the Legislature of this State, having been passed while the Federal law was in existence, was not only inoperative during the existence of the Federal law, but is also inoperative after the repeal of the Federal law as to any claims arising before such repeal.

A State bankruptcy law is not *repealed* by the passage of a Federal bankruptcy law; its *operation* is suspended. This subject was considered in *Boedfeld* v. *Reed,* 55 Cal. 299; and the principles stated in that opinion, as well as the reasons of the case, seem to us to lead inevitably to the conclusion that the existence of a Federal law does not prevent the passage of a State law; it merely postpones its operation; and that upon the repeal of the Federal law, the State law, being in existence, becomes operative, as well in regard to debts arising after the passage of the State law, before the repeal of the Federal law, as in regard to

those arising after the repeal. (*Damon's Appeal*, Reporter, August 4th, 1880, vol. 5, p. 180.)

Writ discharged.

SHARPSTEIN, J., and THORNTON, J., concurred.