[No. 6,777.—Department Two.]

## SEATTLE COAL AND TRANSPORTATION COMPANY *v.* F. E. THOMAS et al.

Insolvency Act—Bankruptcy Act—Constitutional Law.—It was competent for the Legislature to pass the Insolvency Act of 1876 while the Bankruptcy Act of the United States was in force, but its operation was suspended until the repeal of the Federal law.

Verification—Pleading—Surplusage.—A verification is sufficient, which states that the party "has read the foregoing petition, and is acquainted with the contents thereof; that the same is true of his own knowledge and belief."   The words "and belief" may be treated as surplusage.

Id.—Id.—Demurrer.—An objection to a verification cannot be heard on demurrer.

Insolvency Act—Petition.—An allegation in a petition in insolvency *held* to sufficiently show that certain debts were due.

Appeal from a judgment, in the County Court of the County of Alameda.   Redman, J.

This is a proceeding in involuntary insolvency, under the Act of March 31st, 1876.   On the 12th of August, 1879, the petitioner, the Seattle Coal and Transportation Company, filed its petition, praying that the respondent, F. E. Thomas, be adjudged insolvent.   The petition set forth, that one item of the indebtedness of Thomas arose upon a promissory note, dated February, 1879, and payable one year after its date.   And the remaining indebtedness is set forth as follows:

" That Francis E. Thomas, of the said county of Alameda, is indebted to your petitioners as follows, and that the nature of your petitioners' demands is as follows: The said Francis E. Thomas is indebted to the said Seattle Coal and Transportation Company in the sum of $1,884.25, being the value of $314\frac{1}{2}\frac{2}{2}\frac{4}{4}\frac{4}{0}$ tons of coal; that said coal was delivered to the said Thomas, together with a larger amount of coal, to be by said Thomas placed and kept on storage for the said Seattle Coal and Transportation Company, and the same was received by the said Thomas, and stored as aforesaid; and thereafter the said Thomas, without authority, and without the knowledge and consent of the said corporation, sold the said $314\frac{1}{2}\frac{2}{2}\frac{4}{4}\frac{4}{0}$ tons of coal, and converted the purchase-money to his own use; and no part of the same has been paid to the said corporation.

" That the said Francis E. Thomas is indebted to the said Charles A. Sessions in the sum of $285.75, for coal sold and delivered by the Empire Coal Mine and Railroad Company to said Thomas, at his request, between July 1st, 1879, and July 30th, 1879; and that said claim of indebtedness has been duly assigned by said Empire Coal Mine and Railroad Company to said Sessions, who is now the legal owner and holder thereof; and that no part of said sum of $285.75 has been paid, but the same is now wholly due and unpaid.

" That the said Francis E. Thomas is indebted to the said Henry C. Wright in the sum of $2,256.76, upon a promissory note, dated San Francisco, July 8th, 1879, given by the said Thomas, payable to the said Seattle Coal and Transportation Company thirty days after its date, and indorsed by said corporation to said Henry C. Wright, who is now the legal owner and holder thereof; and that no part of said note or of the interest thereon has been paid.

" That the said Francis E. Thomas is indebted to the Renton Coal Company in the sum of $1,063, for so much money had and received by the said Thomas during the months of September, October, November, December, 1877, and the months of January and February, 1878, to and for the use of the said Renton Coal Company; and that no part of said sum of $1,063 has been paid."

A demurrer was interposed to the petition, and was sustained, and judgment was entered dismissing the petition.

*Vrooman & Davis,* and *Mastick, Belcher & Mastick,* for Appellants.

This proceeding was commenced August 12th, 1879, in the County Court of Alameda County, under the State law of 1876, and after the Bankrupt Act of Congress had been repealed.

The power of the State to enact bankrupt or insolvent laws is not taken away, abridged, or suspended by a Federal Bankrupt Act. (*Ogden* v. *Saunders,* 12 Wheat. 214.) The States have power to legislate upon this subject. (*Sturgis* v. *Crowninshield,* 4 Wheat. 122.) A Federal act upon the subject, while in force, suspends the operation of all State laws in conflict with it, except as to proceedings over which jurisdiction was acquired before it went into effect. (*Martin* v. *Berry,* 37 Cal. 208; *Judd* v. *Ives,* 4 Met. 401; *Ex parte Eames,* 2 Story, 326.) Upon the repeal of the Federal act, State laws suspended by it become again immediately operative, and apply as well to indebtedness created during the life of the Federal act as to that created subsequent to its repeal. (*Boedefeld* v. *Reed,* 55 Cal. 299.)

The precise point was decided in Damon's Appeal, The Reporter, vol. 10, page 143, and in *Lewis* v. *County Clerk of Santa Clara Co.* 55 Cal. 604.

*J. G. McCallum,* for Respondents.

The right of a State to pass a bankruptcy law is suspended by the enactment by Congress of a general bankruptcy law. (*Sturgis* v. *Crowninshield,* 4 Wheat. 122.)

This principle has been repeatedly declared by the Supreme Court of the United States, and by the Supreme Court of several of the States, including our own, as will be seen by reference to these authorities. (*Ogden* v. *Saunders,* 12 Wheat. 213; *Ex parte Eames,* 2 Story, 326; *Blanchard* v. *Russell,* 13 Mass. 12; *Adams* v. *Story,* 1 Paine C. C. 79. See also 1 Kent's Com. 387.)

The petition is based entirely upon the supplementary act of 1876, but it does not comply with the provisions of the act, and is essentially defective, even if that act were valid; because it does not show that the claims presented in it are due.

It is not sworn to as required by law ; each affiant merely says, "that the same is true of his own knowledge and belief," evidently meaning that a part of it is true of affiant's own knowledge, and a part of it is true in his belief, but nowhere asserting that he has any information or knowledge on which to found such belief as to the other facts. The remedy sought being statutory, the statute must be strictly pursued.

MYRICK, J.:

1. The insolvency law of this State, supplementary to the Act of May 4th, 1852, was passed March 31th, 1876. At that time, the Federal bankrupcy law was in force, and remained so until 1878. It is claimed by the respondent, that, during the existence of the Federal law, the State had no power to pass any law upon the subject, so far as the same was covered by the Federal law. This point was directly passed upon by this Court in *Lewis* v. *County Clerk of Santa Clara Co.* 55 Cal. 604, where we held that it was competent for the Legislature to *pass* the insolvency law, but that its operation was suspended until the repeal of the Federal law.

2. The verifications to the petitions are sufficient, as well in form as in substance. Each party verifying states " that he has read the foregoing petition, and is acquainted with the contents thereof ; and the same is true of his own knowledge and belief." The respondent urges, that the verifications are defective, by reason of the words " *and belief.*" Those words may be treated as surplusage ; they neither add to nor take from the force of the words preceding, viz. : " That the same is true of his own knowledge." Besides, the objection to the verification, even if defective, cannot be heard on demurrer.

3. The allegations in the petition as to the debts being due are sufficient, even omitting the promissory note for $6,000.

Judgment and orders reversed, and cause remanded, with instructions to overrule the demurrers, and that the respondents have leave to answer within ten days after notice of the overruling of the demurrers.

MORRISON, C. J., and SHARPSTEIN, J., concurred.