[No. 6,999.—Department Two.]

RICHARD SMITH v. HIS CREDITORS.

INSOLVENCY—AMENDMENT OF CLERICAL ERROR BY THE COURT.—The petition of insolvent was dated, sworn to, and filed on the twenty-sixth day of May, 1879, and the order for creditors to show cause was indorsed filed on the same day and purported to have been made upon reading, filing the petition, etc., but was dated the twenty-seventh day of February, 1879.

*Held*, that the error was of such a character that it might be corrected by the record.

ID.—CONSTRUCTION OF INSOLVENT ACT.—Upon the repeal of the United States Bankrupt Law the State Insolvent Law became operative and applied to debts contracted during its suspension.

ID.—DISCHARGE OF INSOLVENT—FRAUD—DE MINIMIS.—Upon an application for the discharge of an insolvent it was admitted by the insolvent that he had received a debt of twelve dollars after filing his petition, and had not paid it to the assignee, but he denied that there was any fraudulent intent or attempt at concealment, and the jury, upon this issue, found in his favor.

*Held*, in view of the finding and the smallness of the sum, that the order appealed from should not be reversed.

APPEAL from a judgment in the County Court of Monterey County. WEBB, J.

The proceeding was in insolvency and a judgment was entered discharging the petitioner from his debts.

*J. K. Alexander*, for Appellant.

*Dodge & Clepperton*, for Respondent.

SHARPSTEIN, J.:

The petition of the insolvent is indorsed "Filed this twenty-sixth day of May, 1879," and the order for creditors to show

cause, etc., is "Dated twenty-seventh day of February, 1879," but indorsed "Filed May 27th, 1879." The order purports to have been made "upon reading and filing the petition, schedules, and oath of the above-named insolvent." The petition is dated, sworn to, and filed on the twenty-sixth day of May, 1879—the day before the order was filed. If the order had in fact been made on the twenty-seventh day of February, 1879, the recital above referred to would be false. On the other hand, if the order was made on the day on which it appears to have been filed the recital in it is true, and the date erroneous. We think that the error is of such a character that it may be corrected by the record, which shows unmistakably that the order was not made until after the petition had been filed.

The demurrer to the petition was properly overruled. The insolvent law of this State was not repealed by the passage of the Federal Bankrupt Law, but the operation of the State Law was suspended after the passage and until the repeal of said Bankrupt Law, when it, the State Law, again became operative as to debts contracted during such suspension, as well as to other debts contracted after its passage. (*Boedefield* v. *Reed*, 55 Cal. 299; *Lewis* v. *County Court of Santa Cruz County*, 6 P. C. L. J. 326; *Seattle Coal and T. Co.* v. *Thomas*, 7 id. 199.)

There was an opposition filed to the discharge of the petitioner, which alleged, among other things, that the petitioner, after filing his petition, had collected of one Brannen a debt of twelve dollars, due from him to said petitioner, which he had not paid to the assignee or given any account of, with intent to defraud his creditors, etc. The answer to the opposition admits that the petitioner did receive ten dollars and fifty cents from Brannen after the petition was filed, and that the amount so received was not paid to the assignee, but denies that there was any fraudulent intent or attempt at concealment, and the jury found that the petitioner did not conceal any portion of his property or money with intent to keep it from his creditors. In view of this finding of the jury, and the smallness of the sum, we do not think that the order appealed from should be reversed.

Order affirmed.

THORNTON, J., and MYRICK, J., concurred.