[No. 12745.   Department One. — July 30, 1890.]

LOUIS DEMARTIN, RESPONDENT, v. JOSEPHINE DEMARTIN ET AL., APPELLANTS.

INSOLVENCY — RIGHT TO DISCHARGE — FALSE AFFIDAVIT TO SCHEDULE — UNINTENTIONAL MISTAKE — CONSTRUCTION OF INSOLVENT ACT. — The provision of section 49 of the Insolvent Act prohibiting a discharge if the insolvent debtor "shall have *sworn falsely* in his affidavit annexed to his petition, schedule, or inventory," does not apply to an unintentional and innocent mistake in the affidavit. The words "sworn falsely" necessarily import a willful act done with a fraudulent intent, and from which the element of fraud cannot be eliminated.

ID. — OPPOSITION TO DISCHARGE — FINDING OF MISTAKE WITHOUT FRAUD — APPEAL. — When the superior court finds that omissions complained of upon an opposition to the discharge of the insolvent were mere mistakes, made without any fraudulent intent or purpose, and it is not claimed by the creditors that the findings were not justified by the evidence, it must be conclusively assumed upon appeal that such findings are true.

ID. — UNDERSTATING DEBTS AND CREDITS — IMMATERIAL MISTAKE — TURNING OVER OMITTED CREDIT. — The fact that a debtor, in proceedings in insolvency, by mistake and inadvertence, understated his indebtedness to one of his creditors in his schedule of liabilities, and omitted from the inventory of his assets a small sum due to him, will not prevent his discharge, and is immaterial, where it appears that the full amount of the true indebtedness was allowed to the creditor, and the debt due to the insolvent was promptly turned over to the assignee when received by the insolvent.

ID. — INSUFFICIENT GROUND OF OPPOSITION TO DISCHARGE — APPEAL FROM ORDER SETTING APART HOMESTEAD — PLEADING — DEMURRER. — An opposition of creditors to a discharge in insolvency setting up the pen-

dency of an appeal from an order setting apart a homestead to the insolvent, which is claimed to be excessive in value, discloses no ground of opposition enumerated in the statute, and is subject to a general demurrer.

ID. — RIGHT OF INSOLVENT — EFFECT OF DISCHARGE — RIGHTS OF CREDITORS — EXCESSIVE VALUE OF HOMESTEAD. — The right of the insolvent to a discharge accrues at the expiration of three months from the adjudication in insolvency, and the discharge in no way jeopardizes the rights of creditors to appropriate the excess in value of the homestead, if there be an excess, since, if the appeal is sustained, and the order reversed, the matter goes back for further adjudication.

APPEAL from an order of the Superior Court of Del Norte County, granting a final discharge in insolvency.

The facts are stated in the opinion.

*L. F. Cooper,* and *Sawyer & Burnett,* for Appellants.

*R. W. Miller,* and *Lucas & Miller,* for Respondent.

BELCHER, C. C.—This is an appeal from an order granting an insolvent debtor a discharge from his debts.

On the twenty-second day of October, 1887, the respondent, Louis Demartin, commenced proceedings in voluntary insolvency, and was adjudged to be an insolvent debtor. On the 4th of February, following, he applied to the court for a discharge from his debts, and the proper notice was given to his creditors to appear and show cause why a discharge should not be granted. The appellants, two of the creditors, appeared and opposed a discharge.

As grounds of opposition they specified,— 1. That the respondent had sworn falsely in the affidavit annexed to his petition, schedule, and inventory in this, that he stated, in the schedule of his debts and liabilities, his indebtedness to the appellants to be $4,588.40, when in fact it was $5,588.40; and in this, that he wholly omitted from the inventory of his assets an indebtedness of $172.23 then due him from certain parties in the city of San Francisco. 2. That respondent had been guilty of fraud, contrary to the true intent of the Insolvent

Act, in this, that on the twenty-ninth day of September, 1887, he filed and caused to be recorded a declaration of homestead on a tract of land then owned by him, which was of the value of fifteen thousand dollars, and on the eleventh day of November, 1887, the court, against the objections of appellants, and without hearing any evidence, set the whole tract apart to him as a homestead, from which order an appeal had been taken to and was still pending in the supreme court.

The respondent filed an answer to the specifications of objection, admitting the errors set up in the first specification, and averring that they arose from mistake and inadvertence, and denying that the property selected by him as a homestead and set apart as such by the court, as stated in the second specification, was of any greater value at the time of the selection than five thousand dollars. He also interposed a general demurrer to the second specification, and the appellants interposed a like demurrer to the answer. The court sustained the demurrer of respondent and overruled that of appellants. The case was then tried, and as a result the court found that respondent was indebted to appellants in the sum of $5,588.40, instead of $4,588.40, as set forth in his schedule, but "that such discrepancy occurred by mistake, and was not made with intent to defraud any of the creditors of the said insolvent." The court also found that at the time of filing the petition and inventory there was owing to the insolvent the sum of $172.23, which was not included in the inventory, but "that the same was omitted therefrom through inadvertence and mistake, and not with any intent to defraud any of the creditors of the said insolvent," and that the insolvent had since received and paid the same to the assignee.

As a conclusion of law, it was held that the petitioner was entitled to a discharge from his debts, and a discharge was accordingly granted to him in the form prescribed by the statute.

1. It is not claimed that the findings of fact were not justified by the evidence, and it must therefore be conclusively assumed that the omissions complained of were mere mistakes, made without any fraudulent intent or purpose. It is, however, argued that the court erred as matter of law, under the provisions of section 49 of the Insolvent Act, in granting the discharge.

We do not think the argument sound. The section referred to provides: "No discharge shall be granted, or, if granted, shall be valid, if the debtor shall have sworn falsely in his affidavit annexed to his petition, schedule, or inventory . . . . in relation to any material fact concerning his estate or his debts, . . . . or has been guilty of fraud, contrary to the true intent of this act," etc.

It could not have been intended by this language to impose the penalty declared for an unintentional and innocent mistake. The words "have sworn falsely" necessarily import a willful act done with a fraudulent intent, and from which the element of fraud cannot be eliminated. (*Dean* v. *Grimes*, 72 Cal. 446.)

Beside, under the circumstances shown, how can it be said that the false swearing was in relation to any material fact? The appellants presented and proved their debt without any objection, and it was allowed for the full amount claimed by them. And the omitted $172.23, when received by the insolvent, was promptly paid over by him to the assignee. (See *Smith* v. *His Creditors*, 59 Cal. 267.)

2. It is urged that the court erred in sustaining the demurrer to the second ground of opposition. And in support of this position it is said: "The 'second ground' alleged, beside fraud in procuring the homestead set aside, that an appeal from the order was pending"; and counsel "submit that so much of the second ground of opposition as sets up the pendency of the appeal from the order setting apart the homestead is a good ground against a general demurrer."

We fail to see any merit in this argument. The statute provides that at any time after the expiration of three months from the adjudication of insolvency the debtor may apply to the court for a discharge from his debts, and the grounds upon which a discharge may be opposed are enumerated. (Insolvent Act, secs. 48, 49.) It also makes it the duty of the court to set apart for the use and benefit of the insolvent a homestead, and if for any reason the order is claimed to be erroneous, an appeal therefrom is allowed. (Secs. 60, 67.) But the order setting apart a homestead and the appeal therefrom are not among the enumerated grounds of opposition. Nor do we see any reason why they should be so treated. The discharge of an insolvent in no way jeopardizes the rights of creditors to appropriate the excess in value of the homestead, if there be an excess, since, if the appeal is sustained and the order reversed, the matter goes back for further adjudication.

In our opinion the rulings of the court were proper, and we therefore advise that the order appealed from be affirmed.

Vanclief, C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the order appealed from is affirmed.