# 'A. G. MEHRHOF, Plff.,

*v.*

# JOSÉ MARIA MUÑOZ, Dft.

---

San Juan, Law, No. 1158.

VERIFICATION OF PLEADING.

Pleadings—Verification.

> Where all the allegations in a complaint are made upon deponent's knowledge, and he verifies the complaint upon knowledge and belief, the words, "and belief," are surplusage, and do not impair the rest of the verification.

Opinion filed November 29, 1916.

---

*Mr. E. B. Wilcox* for plaintiff.

*Messrs. Muñoz & Brown* for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case is for libel, and the verification by the plaintiff is in the following words:

"Personally appeared before me A. G. Mehrhof, who I personally know to be the person he represents himself to be, and having been duly sworn deposes and says: I am the plaintiff in the above-entitled action; I have read the complaint herein, and the allegations contained therein I know to be true except

Mehrhof v. Muñoz.

those stated on information and belief, and as to these, I believe them to be true."

Motion is made to strike the verification from the complaint upon the ground that it does not appear from the complaint or from the verification what matters contained in the said complaint are verified upon the knowledge of the plaintiff, and what matters are alleged according to information and belief only.

The verification in question is made under § 118 of the Code of Civil Procedure of Porto Rico, being the same as § 446 of that of California, and reads as follows:

"Every pleading must be subscribed by the party or his attorney; and when the complaint is verified, or when the people of Porto Rico or any officer of the Island, in his official capacity, is plaintiff, the answer must be verified unless an admission of the truth of the complaint might subject the party to a criminal prosecution, or unless an officer of said Island, in his official capacity, is defendant. In all cases of a verification of a pleading, the affidavit of the party must state that the same is true of his own knowledge, except as to the matters which are therein stated to be on his information or belief, and as to those matters, that he believes it to be true; and where a pleading is verified, it must be by the affidavit of a party, unless the parties are absent from the district where the attorney resides, or from some cause are unable to verify it, or the facts are within the knowledge of his attorney, or other person verifying the same. When the pleading is verified by the attorney, or any other person except one of the parties, he must set forth in the affidavit the reason why it is not made by one of the parties.

When a corporation is a party, the verification may be made by any officer thereof."

The objection made is that everything in the complaint is stated as within the knowledge of the plaintiff, and that therefore when he adds in his verification an exception of "those (facts) stated on information and belief and as to these I believe them to be true," he is adding something which does not apply to the complaint at all.

The object of verification is to insure good faith on the part of the pleader. Patterson v. Ely, 19 Cal. 28; Silcox v. Lang, 78 Cal. 118, 122, 20 Pac. 297. The wording of the verification need only comply with the spirit and substance of the statute. Ely v. Frisbie, 17 Cal. 259; Kirk v. Rhoads, 46 Cal. 399, 404. The statement in a verification, that the affiant has read the petition and is acquainted with the contents thereof, and that the same is true of his own knowledge and belief, has been held to be sufficient. The words, "and belief," are surplusage, and do not impair the rest of the verification. Seattle Coal & Transp. Co. v. Thomas, 57 Cal. 197.

This principle would seem to apply to the case at bar. It is true that the verification must show which way the facts are verified, that is to say, whether upon knowledge or upon belief. Rivera v. Cámara, 17 P. R. R. 503; Vazquez Prada v. Rossy, 20 P. R. R. 181, 194; Lowe v. Nelson, 7 Porto Rico Fed. Rep. 119; Bigelow v. Porto Rico Planters Co. 7 Porto Rico Fed. Rep. 386, 391. But this does not mean there must be a verification upon knowledge and a verification upon belief, when, in point of fact, all the allegations of the complaint are made in the one form or in the other. There is no need for both kinds of verification as to the same facts; indeed, unless there

is lack of knowledge, there can be no verification on belief. The plaintiff here first verifies the complaint upon his own knowledge, and then adds a belief as to statements on information and belief, which, in point of fact, are not contained in the complaint. It would seem better to have the latter clause struck out, because it tends to confusion.

The motion is granted, therefore, as to the exception contained in the verification as filed.

It is so ordered.