E. D. WHEELOCK, APPELLEE, V. SAMUELL McDOWELL ET AL, APPELLANTS.

**Municipal Corporations:** SALARY OF OFFICERS. When, at the time of the election of the officers of a city of the second class, no ordinance had been passed fixing their salaries, an ordinance during their terms of office, fixing their salaries at a sum within a limit prescribed by the charter, is not within the inhibitions of the law that their compensation shall not be increased or diminished during their term of office. *State, ex rel., v. McDowell,* 19 Neb., 442, followed and approved.

APPEAL from Gage county district court. Heard below before BROADY, J.

The facts were as follows: At the general election in April, 1885, the defendants were elected mayor, councilmen, etc., of the city of Beatrice, Nebraska. On May 21, 1885, the mayor and common council caused the city's charter to be so changed as to bring the city into the rank of cities of the second class, of more than 5,000 inhabitants, under which ordinances might be passed giving the mayor $500 a year, the councilmen $300 a year, etc. Prior to this time no ordinance could be passed giving the mayor a salary of more than $200, or the councilmen more than $50, etc. In September, 1885, an ordinance was passed giving the mayor and the councilmen salaries on the basis of cities of the second class, containing 5,000 inhabitants and more. No ordinance had ever been passed, prior to this time, fixing the salaries of the city officials of Beatrice. Sections 75, 162, Chap 14, Comp. Stat., provides that the "emoluments of no officer  *  *  *  shall be increased or diminished during the term for which he shall have been elected or appointed." The plaintiff sought to restrain by injunction the city officials from collecting their salaries. Judgment for plaintiff, and appeal by the defendants.

*Griggs & Rinaker*, for defendants and appellants.

There is an essential difference between an increase or diminution of salary and a creation of salary. *Purcell v. Parks*, 82 Ill., 346. *Rucker v. Supervisors*, 7 W. Va., 661. *State v. McDowell*, 27 N. W. Rep., 433.

*Hardy & McCandless*, for plaintiff and appellee.

The powers of cities of the "second class," with respect to the salaries of their officials, are fixed by law. Const., art. 3, § 16. Comp. Stat., 131, § 7. Id. 161, § 15. Id. 148, § 75. Id, 162, § 29. Municipalities are confined "within the limits that a strict construction of the grants of powers in their charters will assign to them." *Dunham v. Rochester*, 5 Cow., 465. If no law of the state has fixed the fees or pay of town officers, their services must be gratuitous. 1 Dill. Mun. Corp. (2d. Ed.), § 170, note 1. *Smith v. Com.*, 41 Pa. Stat., 335. *Boyden v. Brookline*, 8 Vt., 284.

REESE, J.

The question involved in this case is identical with that in *State, ex rel. Wagner, v. McDowell*, decided by this court during the preceding term—since the decision in this case by the district court—and reported in 19 Neb., 442.

We have re-examined the legal propositions, and are satisfied with the conclusions to which we arrived in that case. We are also satisfied with the reasoning of Chief Justice MAXWELL in the opinion written by him, and shall not attempt to improve thereon by a re-discussion of the question.

The decision of the district court is reversed and the cause dismissed:

JUDGMENT ACCORDINGLY.

THE other judges concur.