Evans, J.
The question of law raised by the demurrer to the amended petition is whether the defendants as county commissioners of this county are entitled to be compensated as such under Section 897, Revised Statutes, as amended by the act of April 21, 1904 (97 O. L., page 254).
Said three defendants as such county commissioners were incumbents in said office at the time of the passage of said amended act of April 21, 1904, and each of them had theretofore demanded and received compensation for services as such under the provisions of Section 897, Revised Statutes, prior to its repeal and amendment on April 21, 1904.
The salary provided for county commissioners in counties of the population of Franklin, under said. Section 897, Revised *545 Statutes, as is existed at the time said defendants took office and under which they were compensated until the passage and taking effect of said amended act, was $1,200 per annum each, together with certain traveling expenses when traveling outside the county on official business. They were, in addition, allowed and received $800 per annum each',' under Section 8975, Revised Statutes, for expenses incurred in the proper discharge of their duties within said county. Under said two sections of the statute they Avere thus allowed and paid $2,000 per annum each, and in addition were allowed and paid for traveling expenses Avhen traveling outside the County on official business'. Under the amended act of April 21, 1904, no definite sum as compensation is fixed, and it is determined each year in the several counties of the.state by the aggregate of the tax duplicate in each county for real 'and personal property, and is not less than $750 per annum, and not greater than $3,500 per annum. If the tax duplicate is five million dollars or less the compensation is $750 per annum, and three dollars on each full one hundred thousand dollars of the amount of such duplicate in excess of sa,id sum of five million dollars. This provides for the full compensation for all services' rendered, except in counties having ditch work, and no provision is made for .any. additional sum for expenses.
Under this amended act the compensation for each county commissioner in Franklin county for the current' year, according to the aggregate of the tax duplicate on the 21st day of December last, Avould be about $3,400. It is apparent that if said defendant commissioners are permitted to receive compensation for their services under said amended act that such will amount to an increase of about $1,400 per annum each over .that provided by the repealed sections which were in operation -at the time defendants took office and- under which they received compensation for their services-.
It is claimed that said defendant commissioners can not take under said amended act because such is inhibited by Article III, Section 20, of the Constitution of Ohio-, which provides:
‘ ‘ The General Assembly, in cases not provided for in this Constitution shall fix the term of office and the 'compensation of all *546 officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished.”
Ordinarily it is not difficult to apply this constitutional provision to a given case. The difficulties in this case arise from a consideration of the question as to whether there is any valid law existing in this state, other than said amended act of 1904, providing compensation for the services of said defendant commissioners.
Both the original Section 897, Revised Statutes, and Section 8976, Revised Statutes, are unconstitutional and void. They are special legislation containing subject-matter of a general nature, and come within the class of eases in which such legislation is held to be repugnant to the Constitution State v. Yates, 66 O. S., 546; State v. Garver, 66 O. S., 555.
But it is contended that conceding that said sections of the statutes are unconstitutional, that the question of their constitutionality can not be raised by these defendants. This is on the ground that they could not after having taken their salary under these acts come in now and attack them on constitutional grounds.
This is no doubt true. But these sections of the statutes have heretofore been adjudged unconstitutional by this court in another proceeding, and these defendants enjoined from drawing salary under said acts. State, ex rel, v. Carlisle, 50 Bull., 287.
This would leave these defendants in a situation in which they could receive no salary or compensation whatever for their services, unless they can take under the amended, act of 1904.
It is clear that there is no valid law in the statutes providing compensation or salary for county commissioners, except the late act of April 21, 1904. And these defendants have been enjoined from drawing salary under said unconstitutional acts. They are then in the situation of one holding an office and performing the duties in which no provision for salary therefor had been made until after he had qualified and entered upon the duties of the office. Would it be constitutional for an incumbent in office for which no salary or compensation was provided when his term began to take the salary enacted for such office after the beginning of his term but before it ended?
*547 I am inclined, to the opinion that such would not be within the inhibition of the said constitutional provision, unless such was prohibited and not made a condition of the acceptance of the office. There are many authorities of great weight in support of this holding.
The court say in State, ex rel, v. Kennon et al, 7 O. S., 559:
‘1 That compensation or emolument is a usual incident to office is well known; but that it is a necessary element in the constitution of an office it not true.”
The court further say in this case, that where an office is created providing for no fees or salary for the incumbents, but not providing that hereafter compensation to them shall be prohibited or precluded, and such is not made a condition of their acceptance, there is nothing to prevent -them applying for compensation to- the Legislature and nothing to prevent that body from awarding it.
In Rucker v. Supervisors, 7 W. Va., 661, it is held—
“That in order that a constitutional or statutory provision forbidding the increase or diminution of an officer’s compensation should apply to a particular officer’s compensation, it is necessary that such compensation should have been definitely fixed before the passage of the statute purporting to make the change. ’ ’
The statute of West Virginia provided that the supervisors of every county shall annually allow to the prosecuting attorneys not less than $100, nor more than $600. In the above case the supervisors reduced the salary during the incumbency. The court held that as he was not paid by a fixed salary prescribed by law, the act forbidding an increase or decrease was valid.
State v. McDowell, 19 Neb., 442, was a case in which at the time of relator’s election no salary or compensation had been fixed for 'the services of that officer. During his- incumbency'' his salary was fixed at $300 per annum. The court held the act valid—
“That as there was no salary fixed, the act providing for such after his election was not an act either increasing or decreasing the salary,”-
*548 The same ruling was held in Purcell v. Parks, 82 Ills., 346. See Mechem on Pub. Officers, 858.
The reason for the above -holding is, that if there is no salary definitely fixed, or if no salary whatever has theretofore been provided, then there is no salary to increase or diminish by an act providing for a salary during an incumbency.
Our 'Constitution provides, “No change therein shall affect the salary of any officer during his existing term. ’ ’ If there is no salary at all, or none definitely fixed, then legislation providing -a salary during his term could not affect any change, for there is none existing to affect.
Another consideration of this question is whether the amended act of 1904 provides for a salary such as comes within the inhibition of said Article II, Section 20 of the Constitution.
The act does not provide for any definite fixed salary. The compensation depends on the aggregate of the tax duplicate from year to year. It may be less one year and greater another’, depending on the variation -o-f the tax duplicate, and the amount from one year to another can not be determined until December of each year when the aggregate is ascertained.
Our Supreme Court has held in Thompson, ex rel, v. Phillips, 12 O. St., 617, that—
“Where the compensation is to be ascertained by a percentage on the amount of money received and disbursed, it is not a salary within -the -meaning of the section of the Constitution. ’ ’
The court further say, “The word salary was not used in -a general sense, embracing any compensation fixed for an officer, but in its limited sense, of an annual or periodical payment for services, -a payment dependent on time, -and not on the amount of sei’vices rendered.” In addition to- the fact that' the compensation provided is dependent on the aggregate of the tax duplicate, and may vary in its amount 'from year to year, the act makes a further allowance -of $3 per day for services in counties where ditch work is carried on by the commissioners, so 'that the compensation is dependent upon the amount of services rendered rather than upon time.
The conclusion I have reached is that there is no salary law in the state for county commissioners other than the amended act of *549 April, 1904, -under, which these defendants could be compensated for their ¡services, and that it is within the province of the Legislature to enact a 'law providing for compensation for a public officer, under which an incumbent in office, under the circumstances of this ease, would be entitled to take the compensation therein provided.
Seymour, Webber & King, for plaintiff.
Safer & Safer, for defendants.
The demurrer to the amended petition is sustained and the petition is dismissed at plaintii’s costs; exceptions.