# WHEELING.

## RUCKER v. SUPERVISORS.

### July 15, 1874.

1. Section nine of article three, of the Constitution of 1863, of this State, providing that no salary or compensation of any public officer shall be increased or diminished, during his term of office, applies only to such salaries or compensation of public officers, as have been definitely fixed or prescribed by law; either by the Constitution of the State, or by some statute made in pursuance thereof.

2. It was competent for the Board of Supervisors to fix the annual amount, which the prosecuting attorney of a county should be allowed, under section sixty-six of chapter thirty-nine of the Code, or to reduce his allowance, after his term of office commenced, without, thereby, violating the foregoing article of the Constitution, or said sixty-sixth section of chapter thirty-nine of the Code.*

1874.
June Term.

---

*The following is section nine of article three, of the Constitution of West Virginia, of 1863; and, also, section sixty-six of chapter thirty-nine, of the Code of West Virginia, referred to in the opinion of the Court:

"9. No extra compensation shall be granted or allowed to any public officer, agent or contractor, after the services shall have been rendered, or the contract entered into. Nor shall the salary or compensation of any public officer be increased or diminished during his term of office."

"66. The supervisors of every county shall allow annually to the county officers hereinafter mentioned, for their public services for which no other fee or reward is allowed by law, such sums, to be paid quarterly out of the county treasury, as are deemed reasonable by the board, within the limits ascertained by law, that is to say: to the sheriff, not less than fifty nor more than two hundred dollars; clerk of the circuit court not less than fifty nor more than two hundred dollars; recorder not less than twenty-five nor more than one hundred dollars; jailors, not less than thirty nor more than sixty dollars; and prosecuting attorney, not less than one hundred nor more than six hundred dollars, except that the prosecuting attorney of Ohio county shall be allowed annually not less than six hundred nor more than twelve hundred dollars. But no extra compensation shall be allowed to any public officer after his services shall have been rendered; nor shall the salary or compensation of any public officer be increased or diminished during his term of office."

1874.
June Term.

Rucker
v.
Supervisors.

Appeal, by the plaintiff below, from a judgment of the circuit court of Pocahontas county, rendered on the 12th day of March, 1872, in a certain proceeding therein pending, wherein William P. Rucker was plaintiff, and the Board of Supervisors, of said county, were defendants.

The material facts appear in the opinion of Paull, Judge.

The Hon. Joseph M. McWhorter, judge of said circuit court, presided at the trial below.

*James W. Davis*, for the appellant.

*George H. Moffett*, for the appellees.

PAULL, JUDGE:

The plaintiff, William P. Rucker, was, in the month of October, 1870, elected Prosecuting Attorney for the County of Pocahontas, for the term of two years, said term commencing the 1st day of January, 1871, under the then Constitution and laws of the State. He regularly qualified and entered upon the duties of his office within, and at the time, prescribed by law, and attended upon the circuit court of said county, at the March term, 1871, and discharged the duties of said office. At a meeting of the Board of Supervisors in December, 1866, it was ordered, that there be allowed to the Prosecuting Attorney of said county, the sum of $300 per annum, and, under this order, the Prosecuting Attorney drew his salary allowance until the 1st of January, 1871. More than four months after the term of office of the plaintiff commenced, it was ordered, by the Board of Supervisors, that he should receive $150 per annum for his services as Prosecuting Attorney.

The Constitution of 1863, section nine, article three, provides that no salary or compensation of any public officer shall be increased or diminished during his term of office. The sixty-sixth section of chapter thirty-nine of the Code contains the same provision, and also pro-

vides that the supervisors of every county shall allow annually, to prosecuting attorneys, not less than one nor more than six hundred dollars.

The order of the Supervisors reducing the allowance, or at least fixing the allowance, of the Prosecuting Attorney in the present case, having been made after his term of office commenced, and making the amount less than it had been during the previous term, the question presented is, have the Constitution and Code of the State been violated by this last order of the Board ?

It will be observed that the Prosecuting Attorney receives no fixed salary prescribed by law, but his compensation consists of such fees as are allowed to be taxed for his benefit, under different provisions of the Code, as in section sixteen of chapter one hundred and twenty-eight, and such further allowances, as are authorized to be made to him by the board of supervisors under the aforesaid section sixty-six of chapter thirty-nine; being not less than one nor more than six hundred dollars.

This Court is of opinion that section nine, article three, of the Constitution applies only to such salaries or compensation of public officers as have been definitely fixed or prescribed by law ; either by the Constitution of the State or by statute made in pursuance thereof. This is not the case in regard to the compensation of the prosecuting attorney for a county, who is paid for his services in the manner hereinbefore indicated, and by no fixed salary prescribed by law. Consequently, section nine, article three of the Constitution, and the provision in section sixty-six of chapter thirty-nine of the Code do not apply to the allowance or compensation which the law authorizes to be made to him by the board of supervisors, and which is of uncertain amount. The Constitution and Code have not been violated by the order of the Supervisors fixing the annual allowance of the Prosecut-

ing Attorney, the plaintiff, in the present case, after his term of office commenced. The judgment of the circuit court of Pocahontas county, dismissing this cause, is affrmed, with costs to the appellees

Haymond, President, and Moore, Judge, concurred.

Absent, Hoffman, Judge.

JUDGMENT AFFIRMED.