THE STATE OF NEBRASKA, EX REL. WILLIAM A. WAGNER, v. S. McDowell.

**Municipal Corporations:** OFFICERS: SALARY OF CLERK. Where at the time of the election of the clerk of a city of the second class no ordinance had been passed fixing his salary, an ordinance passed during his term of office fixing his salary at $300 per annum is not within the inhibitions of the law that the compensation shall not be increased or diminished during his term of office. *Purcell v. Parks,* 82 Ill., 346. *Rucker v. Supervisors,* 7 W. Va., 661, followed.

ORIGINAL application for mandamus.

*Griggs & Rinaker,* for relator, cited: *Purcell v. Parks,* 82 Ill., 346. *Rucker v. Supervisors,* 7 West Va., 661.

*S. McDowell, pro se.*

MAXWELL, CH. J.

The conceded facts in this case are substantially as follows: The defendant is now and ever since the 20th of April, 1885, has been the mayor of the city of Beatrice, and the relator during that period has been city clerk; that at the time of the relator's election to said office no salary or compensation had been fixed for the services of the clerk. On the 28th of April, 1885, the city council of that city passed an ordinance, which was duly approved, fixing the salary at the sum of $300 per annum; and afterwards, in December, 1885, said council ordered a warrant to be drawn for the sum of $75, as the salary of said clerk for three months. A warrant in due form for said sum was presented to the defendant for his signature, but he refused to sign the same, basing his refusal upon the ground that at the time the relator was elected no salary or compensation had been provided for, and that the

ordinance fixing the salary has been passed during the re-lator's term of office, and therefore is in conflict with section 15, chapter 14, Compiled Statutes of 1885, which provides that, "the annual salaries of all officers shall be fixed by ordinance not exceeding the following sums, respectively: The mayor, five hundred dollars; treasurer, three hundred dollars; each councilman, three hundred dollars; clerk, five hundred dollars," etc.

Section 16, article 3, of the constitution provides that, "the legislature shall never grant any extra compensation to any public officer, agent, servant, or contractor after the services shall have been rendered, or the contract entered into. Nor shall the compensation of any public officer be increased or diminished during his term of office." And sec. 29, Chap. 14, Art. II., Comp. Stat., provides that, "the emoluments of no officer whose election or appointment is required by this chapter shall be increased or diminished during the term for which he shall have been elected or appointed, and no person who shall have resigned or vacated any office shall be eligible to the same during the time for which he was elected or appointed, when during the same time the emoluments have been increased."

Do these provisions prevent the city council and mayor from fixing the salary of public officers by ordinance when the power to fix such salaries had never been exercised? We think not. Where the statutes authorize the municipality to pay its officers salaries within certain limits, the amount to be determined by ordinance, no compensation whatever can be paid until an ordinance is passed. The statute is a mere grant of power which the municipality is to exercise, and until an ordinance is passed fixing the amount of salary of the several officers named, the limitations in the statute and constitution do not apply, as the salary—the thing to be increased or diminished—has no existence.

The question here presented was before the supreme court of Illinois in *Purcell v. Parks*, 82 Ill., 346, and *Rucker v. Supervisors*, 7 West Va., 661, and it was held in both cases that the restrictions did not apply where there had been no exercise of the power conferred by fixing the salary of a public officer. This, we think, is a correct interpretation of the statute. It follows that the writ must be granted as prayed.

WRIT AWARDED.

THE other judges concur.