## POTTAWATOMIE COUNTY v. REASOR.

No. 2264. Opinion Filed May 9, 1911.

Rehearing Denied July 11, 1911.

(116 Pac. 801.)

STATUTES—Title of Act—Sufficiency. The act of the Legislature, approved March 19, 1910 (Laws Ex. Sess. 1910, c. 69), entitled "An act relating to certain county and district officers," does not violate that portion of section 57, article 5, of the Constitution, re-

quiring that "every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title," and is not for such reason void.

(Syllabus by the Court.)

*Error from Superior Court, Pottawatomie County; George C. Abernathy, Judge.*

Action by E. D. Reasor against Pottawatomie County. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*C. P. Holt,* Co. Atty., *Hunter L. Johnson,* and *W. B. Crossan,* for plaintiff in error.

HAYES, J. The judgment which this proceeding in error is brought to reverse was rendered in the superior court of Pottawatomie county, in an action between defendant in error, as plaintiff, and plaintiff in error, as defendant, upon an agreed statement of facts. Defendant in error, plaintiff below, is the county judge of said county; and, as such, he performed certain marriage ceremonies, and the clerk of his court collected the fees therefor and paid the same into the county treasury of the county, and the same were disbursed by the county and have not been paid or returned to defendant in error, and he brought this action in the court below to recover the amount of said fees, claiming that they belong to him for the services rendered in performing the marriage ceremonies.

This action arose subsequent to the passage by the Legislature of an act entitled "An act relating to certain county and district officers," approved March 19, 1910. Sess. Laws of Okla. Ex. Sess. 1910, p. 129. Section 2 of that act makes it the duty of the county judge to charge a fee of $3 for solemnizing marriage rites, the same to be collected and accounted for by the clerk of his court as are other fees; and section 9 makes it the duty of the clerk for the county court to file at the monthly meetings of the county commissioners a verified report, showing the total fees charged and collected by him during the preceding month, and to pay all such fees into the county treasury. The judgment

of the trial court was for defendant in error for the amount of said fees earned by him and paid into the county treasury by the clerk.

The sole ground upon which he seems to have based his right therefor in the trial court was that the act referred to above is invalid, because it violates section 57, article 5, of the Constitution, providing that "every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title." So far as we have been able to gather from the record and the brief of plaintiff in error, there being no brief filed in this court on behalf of defendant in error, the foregoing question seems to have been the only question presented to and considered by the trial court, and no contention by defendant in error as to his right to said fees is made upon any other ground than that said act is invalid, because the title does not clearly express the subject of the act, and that it embraces more than one subject. This same question was presented and considered in *Jefferson v. Toomer,* 28 Okla. 658, 115 Pac. 793, wherein this court held adversely to the contention of defendant in error; and upon the authority of that case the judgment of the lower court is reversed, and the cause remanded.

All the Justices concur.