### JEFFERSON v. TOOMER, *Clerk of Superior Court.*

No. 2301. Opinion Filed May 9, 1911.

(115 Pac. 793.)

STATUTES—Title of Act—Offices. The act approved on the 19th day of March, 1910 (Laws 1910, c. 69), entitled "An act relating to certain county and district offices," is not invalid as being in conflict with section 57, art. 5, of the Constitution.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County; Edgar A. De Meules, Special Judge.*

Motion of E. D. Jefferson for writ of mandamus against Robert Toomer, Clerk of the Superior Court, Muskogee County. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*A. A. Davidson* and *Brown & Stewart,* for plaintiff in error.
*Bailey & Wyand* and *Flynn, Ames & Chambers,* for defendant in error.

KANE, J. This was a motion for a writ of mandamus filed by the plaintiff in error, plaintiff below, in the superior court of Muskogee county, to require the defendant in error, defendant below, as clerk of that court, to file a certain civil action, to contest the title of the office of justice of the peace, growing out of the election of November 8, 1910. The clerk refused to file same on the ground that the act regulating his compensation and fees and costs therein prescribed was unconstitutional and void, because the title of said act is repugnant to section 57, article 5, of the Constitution, which provides:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length: Provided, that if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

The defendant, in answering to the rule to show cause why the writ should not run against him, admitted all the allegations in the plaintiff's affidavit, and stated that he refused to file the cause upon the ground that the act regulating his compensation and fees, and costs therein, was unconstitutional and void, for the reason above set out. The cause was heard before Hon. Edgar A. De Meules, a member of the bar, as special judge, the regular judge having entered an order disqualifying himself, who dismissed the same, holding that the act in question was unconstitutional and void, and of no effect. To reverse this judgment, this proceeding in error was commenced.

The question before this court is the construction of the fee and salary law approved March 19, 1910 (Laws 1910, c. 69), entitled "An act relating to certain county and district offices." The case is briefed by counsel for both sides upon the theory that the office of clerk of the superior court is a county office, and, without

passing upon that question, this opinion will be based upon that theory.

The construction of section 57 of article 5 of the Constitution has been before this court several times. *Pond Creek v. Haskell,* 21 Okla. 711, 97 Pac. 338; *Noble State Bank v. Haskell et al.,* 22 Okla. 48, 97 Pac. 590; *In re Menefee, State Treasurer, et al.,* 22 Okla. 365, 97 Pac. 1014; *In re County Com'rs of Counties Comprising Seventh Judicial District,* 22 Okla. 435, 98 Pac. 557; *State ex rel. v. Hooker, County Judge,* 22 Okla. 712, 98 Pac. 964; *Atwater v. Hassett et al.,* 27 Okla. 292, 111 Pac. 802; *Holcomb v. C., R. I. & P. Ry. Co.,* 27 Okla. 667, 112 Pac. 1023; *Coyle v. Smith, ante,* 113 Pac. 934; *Binion, Sheriff, etc., v. Oklahoma, G. & E. Co., ante,* 114 Pac. 1096. While the identical question presented in the case at bar may not have been directly passed upon in any of the foregoing cases, the principle that legislative enactments will be sustained if the subject-matter of the act is not in conflict with the general subject-matter expressed in the title is clearly enunciated. It is conceded by counsel for defendant in error in their brief that the above doctrine is firmly established. "But," they ask, "does this title embrace but one subject, and is that subject clearly expressed in the title? Can the Legislature and the people of the state, by a reading of the title, reasonably determine the character of legislation contemplated, or is the title of that indefinite and uncertain character that innumerable acts of legislation might be embraced thereunder, such as could not be reasonably included from a reading of the title itself?" Counsel then summarize their objections to the title as follows:

"Then, summarizing, we contend that the title of this act is too broad, because under it we are authorized to enact legislation upon almost any subject of legislation contained in our statute. It is as broad as would be an act relating to the general laws of the state of Oklahoma. We also contend that the subject is not clearly expressed, because it does not state the officers relating to whom the legislation is to be enacted or the purpose of the legislation. Let us repeat: An act relating to certain county and district offices is by the use of the word 'certain' made uncertain."

In one of the cases cited above (*State ex rel. v. Hooker, County Judge*) it was held that:

"The title may be expressed in general words, or it may be a brief statement of the subject, or it may be an index to, or an abstract of, the contents of the act."

In the opinion, Mr. Chief Justice Williams quoted with approval the following from *Lindsay v. U. S. Saving & Loan Association et al.*, 120 Ala. 172, 24 South. 176 (42 L. R. A. 783):

"The Constitution does not contemplate but one title, and leaves the form which may be given it to legislative discretion. It may be expressed in general words, or it may be a brief statement of the subject, or it may be an index to, or an abstract of, the contents of the act. The Constitution is satisfied if the act has but one general subject, and that is fairly indicated by the title."

In *Ritchie v. People*, 155 Ill. 98, 40 N. E. 839, 28 L. R. A. 568, it was said:

"Courts always give a liberal and not hypercritical interpretation to this restriction. All matters are properly included in the act, which are germane to the title. The Constitution is obeyed, if all the provisions relate to the one subject indicated in the title, and are parts of it, or incident to it, or reasonably connected with it, or in some reasonable sense auxiliary to the object in view. It is not required that the subject of the bill shall be specifically and exactly expressed in the title, or that the title should be an index of the details of the act. Where there is doubt as to whether the subject is clearly expressed in the title, the doubt should be resolved in favor of the validity of the act."

To the same effect is *State v. Board of Control*, 85 Minn. 165, 88 N. W. 533, wherein it is held:

"Every reasonable presumption should be in favor of the title which should be more liberally construed than the body of the law giving to the general words in such title paramount weight. It is not essential that the best or even an accurate title be employed, if it be suggestive in any sense of the legislative purpose. The remedy to be secured and mischief avoided is the best test of a sufficient title, which is to prevent it from being made a cloak or artifice to distract attention from the substance of the act itself. The title, if objected to, should be aided, if possible, by resort to the body of the act, to show that it was not intended

by such title to mislead the Legislature or the people nor distract their attention from its distinctive measures."

It is true the act under consideration contains numerous sections, and a number of matters are dealt with; but they are all fairly referable and cognate to the subject expressed in the title, and hence within the rule announced in the Pond Creek and other cases heretofore cited. The argument of counsel for defendant in error that the title of this act is too broad is satisfactorily met by the Supreme Court of Alabama, in *Mobile Transportation Company v. City of Mobile,* 128 Ala. 335, 30 South. 645, 64 L. R. A. 333, 86 Am. St. Rep. 143, as follows:

"If the title of an act is single and directs the mind to the subject of the law in a way calculated to direct the attention truly to the matter which is proposed to be legislated upon, the object of the provision is satisfied. In such case, the generality of a title, not defining the particulars of the proposed legislation, would be more apt to excite general attention than otherwise, since the general words would give warning that everything within their limits might be affected, and thus draw the attention of the whole body of legislators, while narrower words would only interest those concerned with the matters specially named."

In the *Matter of the Petition of Ferdinand Mayer to Vacate an Assessment for Sewers, etc., in the City of New York,* 50 N. Y. 504, the title under discussion was "An act in relation to certain local improvements in the city of New York." It will be observed that this title contained all the grounds for criticism urged against the title now under discussion. It contained the words "relating to," which it is said do not indicate the scope or purpose of the bill, and the word "certain," which it is claimed renders the title vague and indefinite, because the particular objects upon which it is to operate are not specifically named. The Court of Appeals upheld the act. In the opinion it is said:

"The question is whether there is more than one subject embraced in its provisions, and whether that is expressed in its title. * * * A subject is that of which anything may be affirmed or predicated, and, if the various parts of this act have respect to or relate to local improvements, the act is not obnoxious

to the constitutional objection interposed, and the degree of relationship, if it legitimately tends to the accomplishment of the general purpose, is not material. The general subject of local improvements includes their plan and construction not only, but the means by which the work is accomplished, and the proceedings necessary to be adopted for these purposes, for assessing and paying the expenses incurred, as well as the remedies to parties for redress of grievances growing out of their construction. * * * Nothing that this court has ever decided, nor indeed so far as I have examined any other court, justifies the position that the various means adopted in a bill to carry out its general design must be enacted by separate bills or embraced in the title in order to escape the operation of the clause in question. Courts cannot legislate nor dictate legislation, nor have they any concern with the propriety or wisdom of legislation. They can only determine the question of power, and there must be a substantial departure from the organic law to justify a decision that an act is invalid. To adopt the views urged upon the court in this and some other cases would embarrass legitimate legislation and be the means of creating more mischief than the constitutional clause was designed to prevent."

On the same question, in *People ex rel. Commissioners v. Banks,* 67 N. Y. 568, the court said:

"It is not allowable, for the purpose of invalidating a law, to sit in judgment upon its title, to determine with critical acumen whether it might not have been more explicit, and so drawn as more clearly and definitely to indicate the nature of the legislation covered by it. The Legislature is not subject to judicial control in respect to the form or mode in which the 'subject' of a bill shall be 'expressed.' If it is expressed, the Constitution is satisfied."

While the title to the act in controversy may be open to criticism, we think it substantially responds to the mandate of the Constitution. It serves fairly to point out the general subject-matter over which the Legislature proposes to legislate, and this, according to the decisions heretofore rendered by this court, and a long line of authorities from other states with similar constitutional provisions, renders it sufficient.

The judgment of the court below is reversed, and the cause

remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.