STATE *ex rel.* REARDON, *Co. Atty.,* v. HARPER, *Clerk of District Court.*

No. 2124.   Opinion Filed November 28, 1911.

On Rehearing, March 12, 1912.

Second Rehearing Denied June 4, 1912.

Publication Withheld Until September Term, 1912.

(123 Pac. 1038.)

1.   **STATUTES—Title of Act.**   Same as that in **Jefferson v. Toomer,** 28 Okla. 658, 115 Pac. 793.

2.   **OFFICERS—Compensation —Fixing Salary—Constitutional Law.** There being no provision of the statutes or the Constitution fixing the compensation for the several clerks of the district court prior to the passage of the act by the special or extraordinary session of the Legislature on March 19, 1910 (Sess. Laws 1910, c. 69, pp. 129, 139), the action of said Legislature in fixing the compensation of such officers is not in conflict with Const. art. 23, sec. 10, forbidding the enactment of a law diminishing or increasing the emoluments or salary of a public officer after his election or appointment or during his term of office.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*A. N. Munden, Judge.*

Action by the State, on the relation of Edward E. Reardon, County Attorney, for writ of mandamus to Hathaway Harper, Clerk of the District Court.  Judgment for defendant, and plaintiff brings error.  Reversed and remanded, with instructions.

*Sam Hooker,* Co. Atty., *H. M. Peck,* Asst. Co. Atty., and *A. F. Moss,* for plaintiff in error.

*Ledbetter, Stuart & Bell* and *Wm. P. Harper,* for defendant in error.

WILLIAMS, J.   This proceeding in error is to review the judgment of the trial court entered in an agreed case (section 6051, Comp. Laws 1909).

The stipulated facts are as follows:

"First.   Said E. E. Reardon is the duly elected, qualified and acting county attorney of said Oklahoma county, and said Hathaway Harper is now, and has been at all times since November, 1907, the duly elected, qualified, and acting clerk of the district court of said Oklahoma county.

"Second.   Said Hathaway Harper, as such district clerk, has not filed with the board of county commissioners the verified report of the work of his office for the month of August, 1910, mentioned in section 9 of chapter 69 of the Session Laws of the Legislature of the state of Oklahoma, same being section 9 of Senate Bill No. 1 of the Extraordinary Session of the Second Legislature of the state of Oklahoma, said Senate Bill being reported at pages 129 to 143 of said Session Laws, said report being required by said section 9 to show the total fees collected in each case.

"Third.   The position taken by the plaintiff is that said report should be made and filed in accordance with the provisions of said section 9, and the position of the defendant is that he is not required to make and file said report because:

"(a)   Said above-described Senate Bill No. 1 is unconstitutional and void, because the title of said bill fails to comply with the requirements of section 57 of article 5 of the Oklahoma Constitution.

"(b)   Said Senate Bill No. 1 is unconstitutional and void because the title to said bill is vague, uncertain, and indefinite, and fails to show the contents of said bill, and fails to comply with the provisions of section 57 of article 5 of the Oklahoma Constitution.

"(c)   Because said Senate Bill No. 1 covers numerous subjects, and is violative of that portion of the provisions of section 57 of article 5 of the Oklahoma Constitution providing that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in the title, except general appropriation bills, general revenue bills, and bills adopting a code, digest or revision of statutes.

"(d)   Because said Senate Bill No. 1 is vague, uncertain, and indefinite in its provisions, and is void for want of certainty.

"(e)   Said Senate Bill No. 1 does not affect this defendant, because of the provisions of section 10 of article 23 of the Constitution of Oklahoma, providing that no change shall take place in the salary or emoluments of any public official after his election or appointment or during his term of office, unless by operation of law enacted prior to such election or appointment.

"(f)    Because said Senate Bill No. 1, if it is constitutional, is not in force and effect at the present time.

"(g)    Because said Senate Bill No. 1, if it is constitutional, will not be in force and effect until after the official publication by the United States government of the population of Oklahoma county as determined by the census of the year 1910.

"(h)    Because the caption of said Senate Bill No. 1 does not include or cover the making of said report by defendant.

"Fourth.    And for the purpose of having the courts determine the controversy between the plaintiff and the defendant as to the constitutionality and force of said Senate Bill No. 1, and particularly of said section 9 of said Senate Bill, as to which the plaintiff and the defendant are unable to agree, it is mutually agreed between the plaintiff and the defendant that this controversy be submitted to said court, and by lawful appeal to the higher court, if either party desire such appeal, it is agreed that, waiving summons, this case be presented to said superior court of Oklahoma county for hearing and determination as to the law, taking the facts as above stated, and that it be presented to the Supreme Court of this state if either party appeals as above set forth.

"Fifth.    In case it should be decided that said Senate Bill No. 1 is constitutional and is now in force, a peremptory writ of mandamus shall issue against defendant requiring him to make and file said report in accordance with the provisions of section 9 of said Senate Bill No. 1, and that if it should be decided that said Senate Bill No. 1 is not constitutional, or, if it is constitutional, that it is not now in force, that judgment be entered in favor of the defendant.    But, as above shown, either party is to have the right of appeal to the Supreme Court if so desired."

Under the agreed facts, the questions (1) as to the invalidity of the bill on account of defective title (section 57, art. 5, Const.), and (2) that, if said bill is valid, it does not affect the compensation of the defendant in error, on account of the provisions of section 10, art. 23, of the Constitution, are raised.

The first question is covered by paragraphs "a," "b," "c," and "d" of the agreed facts.    The act referred to in the agreed statement as Senate Bill No. 1, being an act approved on the 19th day of March, 1910 (Sess. Laws 1910, c. 69), entitled "An act relating to certain county and district officers," has been held by this court to be valid, and not in conflict with section 57 of

article 5 of the Constitution. *Jefferson v. Toomer, Clerk,* 28 Okla. 658, 115 Pac. 793; *Pottawatomie County v. Reasor,* 29 Okla. 209, 116 Pac. 801.

As to the second contention, section 18 of the Schedule is as follows:

"Until otherwise provided by law, the terms, duties, powers, qualifications, and salary and compensation of all county and township officers, not otherwise provided by this Constitution, shall be as now provided by the laws of the territory of Oklahoma for like named officers.     *     *     * "

By section 2, art. 17, of the Constitution, the office of clerk of the district court is created in each organized county of this state. It is, therefore, contended by defendant in error that, the clerk of the district court under the state government being a county officer, section 18 of the Schedule applies, and the salary and compensation by said section provided for such office is that "provided by the laws of the territory of Oklahoma for like named officers." That the act of the legislative assembly of the territory of Oklahoma, providing fees and compensation for the clerks of the district courts, was void, is well settled. *Pitts v. Logan County,* 3 Okla. 719, 41 Pac. 584; *Bohart et al. v. Anderson,* 24 Okla. 82, 103 Pac. 742, 20 Ann. Cas. 142; *United States v. MacMillan,* 165 U. S. 504, 17 Sup. Ct. 395, 41 L. Ed. 805. Section 13 of the Organic Act (Act May 2, 1890, c. 182, 26 St. at L. 88), providing that "there shall be allowed to the attorney, marshal, clerks of the Supreme and district courts the same fees as are prescribed for similar services by such persons in chapter sixteen, title Judiciary, of the Revised Statutes of the United States," was held in *Bohart et al. v. Anderson, supra,* to be locally inapplicable, and therefore neither extended to nor remaining in force after the erection of the state.

Section 2 of the Schedule provides:

"All laws in force in the territory of Oklahoma at the time of the admission of the state into the Union, which are not repugnant to this Constitution, and which are not locally inapplicable, shall be extended to and remain in force in the state of Oklahoma until they expire by their own limitation or are altered or repealed by law."

Section 21 of the Enabling Act, approved June 16, 1906 (Act June 16, 1906, c. 3335, 34 St. at L. 277), provides that "all laws in force in the territory of Oklahoma at the time of the admission of said state into the Union shall be in force throughout said state, except as modified or changed by this act or by the Constitution of the state, and the laws of the United States not locally inapplicable shall have the same force and effect within said state as elsewhere within the United States." It being settled by *Bohart et al. v. Anderson, supra,* that section 13 of the Organic Act of the territory of Oklahoma and section 828 of chapter 16, tit. 13, of the Judiciary Act (1 U. S. Comp. St. [1901] p. 635), fixing the fees or compensation for the clerks of the district courts of the United States, are locally inapplicable and neither extending to nor remaining in force after the erection of the state, and the laws of the territory of Oklahoma not having provided any salary or compensation for clerks of the district courts, it follows that until the enactment of said law known as the "County Fee and Salary Law," being an act entitled "An act relating to certain county and district officers," (chapter 69, pp. 129, 143, Sess. Laws 1910), no law was in force in this state fixing the compensation or salary of the clerks of the district courts. In *Bohart et al. v. Anderson, supra,* it was held that:

"When the compensation of an officer is not fixed by law at the time he renders a service, but it clearly appears that it was the intention of the lawmakers that he should receive a reasonable compensation, to be fixed by law, until it is so fixed he is entitled to a reasonable compensation, to be determined by the proper tribunal."

Under this rule, the question arises as to whether section 10 of article 23 of the Constitution prevented the Legislature from enacting a law fixing the compensation or salary of the defendant in error after his election or during his term of office. In *Merwin v. Board of Commissioners,* 29 Colo. 169, 67 Pac. 285, it is said:

"Section 30 of article 5 of the Constitution forbids the enactment of a law which increases or diminishes the salary or emoluments of a public officer after his election or appointment. After Merwin was appointed to his office, and some of the services were

performed for which recovery is sought, the board fixed his salary at $1 a year. The general fee act, which prescribes certain fees for district attorneys, was in force when plaintiff was appointed. The argument is now made that the fees pertaining to the office of district attorney, and to which plaintiff says he would be entitled in the absence of a salary fixed for him by the board, would amount to more than the salary fixed after he entered upon the discharge of his duties; hence, in effect, his salary was diminished after his appointment. The point is not good for several reasons. Nowhere do we find that fees have been fixed for deputy district attorneys, though fees for district attorneys have been (Sess. Laws 1891, p. 221) prescribed. But plaintiff is not suing for fees belonging to his principal. Unless the board of commissioners has fixed the deputy's salary, or in its discretion, allowed certain fees for the deputy's services, he is entitled to nothing. In other words, unless the board makes him an allowance of fees, or gives him a salary, there is no provision of law for his compensation. Neither the act of 1885 (Sess. Laws 1885, p. 176) nor of 1889 (Sess. Laws 1889, p. 150), which are the only statutes authorizing the appointment of deputy district attorneys, fixes a salary, or provides a compensation or fee; and we are cited to no statute in which such compensation is mentioned, except, as just stated, the sections which the plaintiff himself attacks. If these statutes are invalid, then no provision by law has been made for compensation of deputy district attorneys. As was well said by Mr. Justice Wilson in *Otero Co. v. Wood* [11 Colo. App. 19, 52 Pac. 214], *supra:* 'The right of an officer to have payment of his costs made by the county is purely statutory. At common law the costs made by the defendant, if paid at all, were paid by him. The costs of the prosecution, no matter what the event of the trial, were unpaid. On the part of the state or sovereign, there was neither payment nor recovery of costs.' *Bynum v. Board,* 100 Ind. 90; *Board v. Harman,* 101 Ind. 551. Public office is not a contract, nor the result of a contract; and, where compensation is not fixed at time of election or appointment; it may be thereafter fixed; and, until fixed, no right to compensation, either fees or salary, attaches. Mechem, Pub. Off. secs. 855-858."

See, also, *State v. McDowell,* 19 Neb. 442, 27 N. W. 433; *Purcell v. Parks,* 82 Ill. 346; *Rucker v. Supervisors,* 7 W. Va. 661; *Stuhr v. Hoboken,* 47 N. J. Law, 147.

As to the office of district clerk, where no compensation had been fixed, we conclude that the fee and salary bill of March

19, 1910, became effective 90 days after the adjournment of the session of the Legislature at which it was passed.

The judgment of the trial court is reversed, and this cause remanded, with instructions to set aside the judgment and to award a peremptory writ of mandamus against the defendant in error in favor of the plaintiff in error.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.

## On Rehearing.

The defendant in error in his petition for rehearing on account of section 33 of the county fee and salary act of March 19, 1910 (Sess. Laws 1910, c. 69, p. 141), which provides that "the salary of all county officers shall be based upon the federal census of 1910, and each additional ten years thereafter," insists that said act did not go into effect until after the federal census of 1910 had been taken pursuant to Act Cong. July 2, 1909, c. 2, 36 St. at L., p. 1 (U. S. Comp. St. Supp. 1911, p. 557). Section 1 of said act (36 St. at L., p. 1) provides:

"That a census of the population, * * * shall be taken by the director of the census in the year nineteen hundred and ten and every ten years thereafter."

Section 20 of said act (36 St. at L., p. 7) provides:

"That the enumeration of the population required by section one of this act shall be taken as of the fifteenth day of April."

Section 32 of said act (36 St. at L., p. 10) provides:

"That the director of the census is hereby authorized, at his discretion, upon the written request of the Governor of any state or territory, or of a court of record, to furnish such Governor or court of record with certified copies of so much of the population or agricultural returns as may be requested, upon the payment of the actual cost of making such copies, and one dollar additional for certification."

The salary and fee act of March 19, 1910, was evidently framed in view of the act of Congress of July 2, 1909, and that was that the federal census would be taken as of the date of April 15, 1910. Under section 58 of article 5 of the Constitution, all acts, except in case of an emergency expressed in the act,

are to take effect 90 days after the adjournment of the Legislature. It is not essential to determine here as to whether the Legislature might provide that a certain act should not take effect or be applicable until a certain future date.

Section 1 of the act of March 19, 1910 (Sess. Laws 1910, p. 129), provides:

"The clerk of the district court, the clerk of the superior court and the clerk of the county court shall charge and collect the following fees for service by them respectively rendered and none others. * * * "

Section 9 of said act provides:

"At each monthly meeting of the board of county commissioners the clerk of the district court, the clerk of the superior court, the clerk of the county court, the county clerk and the register of deeds shall each file a verified report of the work of the preceding month showing the total fees charged in each case and the total fees collected in each case, and shall pay all of such fees into the county treasury and file duplicate receipts therefor with the county clerk."

Section 17 of said act provides:

"All county, township and district officers who are required by law to make monthly or quarterly reports to the board of county commissioners who fail or refuse to make such reports, or who make a false or fraudulent report, shall be deemed guilty of a misdemeanor and in addition to his punishment he shall forfeit his office, and when any such officer shall fail or refuse to account for or to pay over any money in his official capacity, he shall be deemed guilty of embezzlement, and in no case shall any county officer retain any perquisites of his office; and provided, further, that if any officer neglect or refuse to charge the fees provided by law, he shall forfeit double the amount thereof to be deducted from his salary, or to be collected by civil action against such officer or his bondsmen."

Section 30 of said act is as follows:

"The clerk of the district court, the clerk of the superior court, the county clerk, the county treasurer, and the register of deeds shall receive as their full compensation the following salaries. * * * "

Section 31(a) of said act provides:

"The fees herein provided for the clerk of the district court, the clerk of the superior court, and the clerk of the county court, the sheriff and the county attorney as provided in this act, and

all costs in the prosecution whether of the grade of misdemeanor or felony, shall in case of conviction be taxed as costs in the case and a judgment rendered therefor; and award execution for the collection of the same as on execution in civil actions."

Section 32 of said act provides:

"The salary of all county officers, their clerks and deputies, shall be paid monthly out of the county treasury by order of the board of county commissioners; provided, however, that no salary shall be allowed or paid until their reports are filed and approved by the board of county commissioners, as in this act provided."

Section 33 of said act provides:

"The salary of all county officers shall be based upon the federal census of 1910, and each additional ten years thereafter."

There is nothing in said act to indicate that it was not intended for it to go into effect as provided by section 58 of article 5 of the Constitution. Said act, having gone into effect 90 days after the adjournment of the Legislature, applied to every county in the state. The fact that the federal census of 1910 may not have been officially promulgated as to Oklahoma county on the date that said act went into effect, to wit, June 17, 1910, did not prevent said act from applying to said county. Under the salary and fee act of March 19, 1910, it was the duty of the defendant in error as clerk of the district court of said county to file a verified report of his work for the preceding month, showing the total fees charged in each case and the total fees collected in each case, and to pay all such fees into the county treasury. Then the county owed him his salary for such month, but said salary could not be computed until the federal census had been promulgated, which was to be taken as of the date of April 15, 1910. This construction is reasonable, and gives a fair construction to the entire act. Especially is this so as to the office here in question where there was no statute in force regulating the charges therefor.

It follows that the petition for rehearing will be overruled.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.