[Civ. No. 2810.   Third Appellate District.—July 5, 1924.]

## WILLIAM SHEARER, Appellant, v. H. C. FLANNERY, Auditor, etc., Respondent.

[1] STATUTORY CONSTRUCTION—AMENDMENT OF STATUTE OR SECTION—REPEALS—CONSTITUTIONAL LAW.—Under section 24 of article IV of the constitution, which provides that "No law shall be revised or amended by reference to its title; but in such case the act revised or section amended shall be re-enacted and published at length as revised or amended," the amendment of a statute or section operates as a repeal of those parts of the statute or section which are not re-enacted. "The revising or amending act is intended as a substitute for the original statute or section, continuing in force that which is re-enacted and repealing what is omitted."

[2] COUNTIES—SALARY OF COUNTY SURVEYOR ELECTED IN 1922—REPEAL OF SECTION 4277, POLITICAL CODE, BY SECTION 4270, POLITICAL CODE, AS AMENDED IN 1921.—A county surveyor of a county in the forty-first class who was elected at the general election in 1922 was at no time entitled to the salary of nine hundred dollars a year provided by section 4277 of the Political Code as amended in 1919, because that provision was omitted from section 4270 of the Political Code as amended in 1921, which fixed the compensation and salaries of county officers of the forty-first class, but which omitted the office of county surveyor, and was thereby repealed.

[3] ID.—SECTION 4404, POLITICAL CODE—SECTION 4270, POLITICAL CODE, AS AMENDED IN 1923—PRESUMPTIONS.—Section 4044 of the Political Code, which provides, "In lieu of fees, as now provided by law, the surveyor shall receive such compensation as the board of supervisors may allow, not to exceed ten dollars per day for all work performed for the county," does not show on its face that the surveyor's annual compensation thereunder, in counties of the forty-first class, does not equal or exceed $2,100, the compensation of a county surveyor fixed by subdivision 11 of section 4270 of the Political Code, as amended in 1923, and under such circumstances "the conclusive presumption is that the Governor and the legislature have investigated, ascertained, and determined that the change does not result in an increase of compensation."

[4] ID.—PUBLIC OFFICERS—FIXING OF COMPENSATION AFTER BEGINNING OF TERM—WHEN PROHIBITION AGAINST INCREASE INAPPLICABLE.—Where the salary or compensation of a public officer has not

1.   See 25 R. C. L. 907, 908.
4.   See 22 R. C. L. 531.

been fixed at all at the time of the election or appointment, the provision that the salary or compensation of a public officer shall not be increased or diminished during his term does not prevent its being fixed after the term begins.

(1) 36 Cyc., pp. 1083, 1085.   (2) 15 C. J., p. 504, sec. 168. (3) 12 C. J., p. 798, sec. 222.   (4) 29 Cyc., p. 1427.

APPEAL from a judgment of the Superior Court of Sutter County.   K. S. Mahon, Judge.   Reversed.

The facts are stated in the opinion of the court.

A. H. Hewitt and Lloyd E. Hewitt for Appellant.

Arthur Coats for Respondent.

FINCH, P. J.—This proceeding was instituted to compel the defendant, as auditor of Sutter County, to issue a warrant for salary alleged to be due petitioner as county surveyor under the provisions of section 4270 of the Political Code, as amended in 1923.   (Stats. 1923, p. 1139.)   Judgment was entered in favor of defendant and the petitioner has appealed.   The facts are undisputed.

Prior to the legislative session of 1921 Sutter County was in the forty-eighth class.   Section 4277, subdivision 12, as amended in 1919, fixed the compensation of surveyor in counties of the forty-eighth class at $900 per annum.   (Stats. 1919, p. 114.)   Acting under the provisions of the County Engineer Act (Stats. 1919, p. 1290), and prior to the legislative session of 1921, the supervisors of Sutter County appointed a county engineer.   Section 11 of the act provided that "the office of county surveyor of any county shall be and is hereby abolished" upon the appointment of a county engineer, to take effect not later than the expiration of the then current term.   Sections 4005c and 4006 of the Political Code were so amended in 1921 as to place Sutter County in the forty-first class.   (Stats. 1921, pp. 2, 3.)   At the same session section 4270 was amended to read as follows: "In counties of the forty-first class the county officers shall receive, as compensation for the services required of them by law or by virtue of their offices, the following compensation and salaries, to-wit": Then follows a list of all county of-

ficers, except county surveyor, and their compensation.
(Stats. 1921, p. 634.)    The office of county surveyor was
omitted for the probable reason that it was deemed abolished
by the appointment of a county engineer.    October 7, 1921,
the County Engineer Act was held to be unconstitutional.
(*Coulter* v. *Pool*, 187 Cal. 181 [201 Pac. 120].)    At the gen-
eral election in 1922, the petitioner was elected to the office
of county surveyor for the term commencing in January,
1923.    The legislature of 1923 amended section 4270 by re-
enacting and publishing the section at length as amended.
(Stats. 1923, p. 1139.)    Subdivision 11 of the amended sec-
tion fixes the compensation of county surveyor at $2,100 per
annum.    The amending act contains the following: "21.
That wherever in this act the salary of a county officer is
changed from a fee basis or a fee and salary basis to a flat
salary only, it is hereby found that such change does not ef-
fect or constitute an increase in the salary of such officer.    22.
The provisions of this act are intended to apply to, and
affect incumbents, except in so far as such provisions con-
stitute, an increase in salary of such incumbents."    For many
years section 4044 of the Political Code has contained the
following provision: "In lieu of fees, as now provided by
law, the surveyor shall receive such compensation as the
board of supervisors may allow, not to exceed ten dollars
per day for all work performed for the county."

Respondent contends that the amendatory act of 1923, in
so far as it fixes the salary of county surveyor at $2,100 a
year during the current term, is in conflict with article XI,
section 9, of the constitution, which provides: "The compen-
sation of any county, city, town, or municipal officer shall
not be increased after his election or during his term of
office."    It is argued that prior to such amendment the sur-
veyor's salary was $900 a year, as fixed in 1919 by amend-
ment of section 4277, or "not to exceed ten dollars per day
for all work performed for the county," as provided by
section 4044.    Appellant contends that, prior to the amend-
ment of 1923, he was entitled either to no compensation or
to the per diem provided by section 4044, and that in either
case the salary fixed by the amended section is not an in-
crease of compensation.

[1]    Article IV, section 24, of the constitution provides:
"No law shall be revised or amended by reference to its

title; but in such case the act revised or section amended shall be re-enacted and published at length as revised or amended.'' Under the provisions of this section it is clear that the amendment of a statute or section operates as a repeal of those parts of the statute or section which are not re-enacted. ''The revising or amending act is intended as a substitute for the original statute or section, continuing in force that which is re-enacted and repealing what is omitted.'' (*Pierce* v. *Solano County,* 62 Cal. App. 465, 469 [217 Pac. 545, 546].) **[2]** Petitioner was at no time entitled to the salary of $900 a year provided by section 4277 as amended in 1919, because that provision was omitted from the amendatory act of 1921 and was thereby repealed.

Appellant suggests that the foregoing provision of section 4044 is invalid as an unlawful delegation of legislative power to boards of supervisors to fix the compensation of a county officer, contrary to the constitutional provision that the legislature ''shall regulate the compensation of all such officers.'' (Const., art. XI, sec. 5.) **[3]** It is not necessary to decide the question thus presented because, as further suggested by appellant, assuming section 4044 to be valid and applicable to the facts of this case, it does not show on its face that the surveyor's annual compensation thereunder, in counties of the forty-first class, does not equal or exceed $2,100, the sum fixed by the amendment of 1923. Under such circumstances ''the conclusive presumption is that the governor and the legislature have investigated, ascertained, and determined that the change does not result in an increase of compensation.'' (*Galeener* v. *Honeycutt,* 173 Cal. 100, 104 [159 Pac. 595, 597].)

If it be assumed that section 4044 is invalid and that, prior to the amendment of 1923, the petitioner was entitled to no compensation, the same result will follow. **[4]** ''It is a common provision in the constitutions and statutes of states, that the salary or compensation of a public officer shall not be increased or diminished during his term. . . . Where, however, the salary or compensation has not been fixed at all at the time of the election or appointment, this provision does not prevent its being fixed after the term begins.'' (Mechem on Public Officers, sec. 858; *Gwynn* v. *McKinley,* 30 Cal. App. 381 [158 Pac. 1059]; *Harper* v.

*Board of Commrs.*, 54 Okl. 545 [149 Pac. 1102, 154 Pac. 529]; *Board of Supervisors* v. *Stephens*, 20 Ariz. 115 [177 Pac. 261]; *State* v. *Harper*, 33 Okl. 572 [123 Pac. 1038]; *James* v. *Duffy*, 140 Ky. 604 [140 Am. St. Rep. 404, 131 S. W. 489]; *Stone* v. *Pryor*, 103 Ky. 645 [45 S. W. 1053, 1136]; *Purcell* v. *Parks*, 82 Ill. 346; *State* v. *McDowell*, 19 Neb. 442 [27 N. W. 433]; *Rucker* v. *Supervisors*, 7 W. Va. 661.)

The judgment is reversed and the trial court is directed to enter judgment in favor of petitioner as prayed for in the petition.

Plummer, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 2, 1924.

All the Justices concurred.