[Civ. No. 2804.    Third Appellate District.—December 13, 1924.]

## T. B. HAGERTY, Appellant, v. L. P. WILLIAMS, Auditor, etc., Respondent.

[1] PUBLIC OFFICERS — CONSTABLES — COMPENSATION IN CRIMINAL CASES—REPEAL OF CODE SECTION.—Section 4236 of the Political Code, relating to compensation of constables in criminal cases, having been expressly repealed by the act of 1921 (Stats. 1921, p. 784), providing for the compensation of all county and township officers in counties of the seventh class, petitioner (who was a constable of a township of the first class, in a county of the seventh class) was not entitled to the salary prescribed by said act of 1921 and, in addition thereto, the salary prescribed by said section 4236 of the Political Code.

[2] ID.—STATUTORY CONSTRUCTION—IMPLIED REPEAL.—Even though said act of 1921 had not contained a clause repealing the provisions of section 4236 of the Political Code, it would have effected a repeal of said Political Code section, as both covered completely the same subject matter, i. e., the compensation of county and township officers in counties of the seventh class.

(1) 35 Cyc., p. 1564, n. 90.    (2) 36 Cyc., p. 1078, n. 43.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles L. Gilmore for Appellant.

J. J. Henderson, District Attorney, and Ben P. Tabor, Assistant District Attorney, for Respondent.

FINCH, P. J.—Since January, 1923, the plaintiff has been and now is a constable of a township of the first class in the county of Sacramento. He has been paid a salary of $175 a month as compensation for his services as such officer. He seeks by this proceeding to recover additional compensation in the sum of $100 a month "for services rendered as constable . . . in criminal cases as provided in section 4236 of the Political Code." Judgment was entered in favor of defendant and plaintiff has appealed.

[1] At the commencement of plaintiff's present term of office Sacramento County was and still is a county of the seventh class. (Stats. 1921, pp. 2, 3.) Prior to that time

it was a county of the sixth class. (Stats. 1911, pp. 97, 98.) Prior to its repeal as hereinafter stated, section 4236 of the Political Code fixed the salaries of all county and township officers in counties of the seventh class. (Stats. 1919, p. 974.) Subdivision 13 thereof classified townships "having a population of thirty thousand or more" as townships of the first class. Subdivision 15 fixed the salaries of constables in townships of the first class at $1,200 per annum "in all criminal cases in lieu of fees now allowed by law" and, in addition thereto, all fees in civil cases and certain traveling expenses. In 1921 the legislature passed an act providing for the compensation of all county and township officers in counties of the seventh class. (Stats. 1921, p. 784.) Section 1 of the act reads as follows: "Section four thousand two hundred thirty-six of the Political Code is hereby repealed." Section 13 adds a new section to the Political Code, to be numbered 4236 l, which provides that "incorporated cities having a population of twenty thousand or more, shall be known as townships of the first class. . . . All fees chargeable and collectable by justices of the peace in criminal and civil cases for services rendered by them shall be collected by them and by them paid monthly into the county treasury. All fees and mileage collected by constables in civil cases shall be deposited in the county treasury monthly. . . . The compensation of constables in counties of the seventh class is hereby fixed as follows: Class one townships, two thousand one hundred dollars per annum. . . . The salaries shall be payable monthly in the same manner as county officers are paid." Section 4236 l was amended in 1923 (Stats. 1923, p. 1158), but no change was made in the compensation of constables in townships of the first class.

Appellant's whole case is based upon the theory that the provisions of former section 4236 relative to the compensation of constables in criminal cases have been continued in force. A complete answer is that section 4236 has been expressly repealed. [2] If the act of 1921 had contained no repealing clause it would have effected a repeal of section 4236. Both covered completely the same subject matter, the compensation of county and township officers in counties of the seventh class. "It is clear that the revising or amending act is intended as a substitute for the original statute or section, continuing in force that which is re-enacted and

repealing what is omitted." (*Pierce* v. *County of Solano,* 62 Cal. App. 465, 469 [217 Pac. 545]; *Shearer* v. *Flannery,* 68 Cal. App. 91 [228 Pac. 549].) On no rational theory is the appellant entitled to the compensation claimed.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.