[Civ. No. 5845. Third Appellate District.—June 24, 1937.]

DIXWELL L. PIERCE, Appellant, v. HARRY B. RILEY, as Controller, etc., Respondent.

Devlin, Devlin & Diepenbrock and Horace B. Wulff for Appellant.

T. H. Christiansen and Webb Shadle for Respondent.

THE COURT.—This is an appeal from a judgment denying a petition for a writ of *mandamus* and dismissing the proceeding. The writ was sought to compel the state controller to draw a warrant for the petitioner's increase of salary as secretary of the state board of equalization on the theory that his salary was fixed by the board according to the provisions of section 3692, subdivision 12, of the Political Code as amended in 1933. (Stats. 1933, p. 2689.) The respondent contends that the salary which was allowed the secretary by the board was not "effectual and payable" until it was first approved by the department of finance as required by section 675b, now section 675.1, of the Political Code, which approval of the increased portion of his salary was never procured. This proceeding depends upon the construction of the two sections of the code above mentioned, as they then existed.

The petitioner has been secretary of the state board of equalization for several years past. In 1917 his salary was fixed by section 3700a of the Political Code at $4,000 per year. In 1931 section 3700a was repealed. At the same time section 3692 of the Political Code, relating to the powers of the board of equalization, was amended so that subdivision 12 thereof then provided:

"The powers and duties of the state board of equalization are as follows:

. . . . . . . . . . . . . .

"12. To appoint a secretary, prescribe and enforce his duties. The secretary shall hold his office during the pleasure of the board and shall receive such compensation as may be prescribed by the board *with the approval of the department of finance.*"

This amendment was approved June 9, 1931, and took effect August 14, 1931. (Stats. 1931, p. 1434.) Pursuant to that

amendment the salary of the secretary was fixed and approved at $6,600 per year.

At the same time the last mentioned amendment of the code was enacted, section 675b of the Political Code was also adopted. It was approved May 15, 1931, but it took effect August 14, 1931, at the same time the amendment to section 3692 also took effect. (Stats. 1931, p. 843.) Section 675b provided:

"Whenever any state department, board, commission, court or officer fixes the salary or compensation of an employee or officer, which salary is payable out of state funds, *the salary shall be subject to the approval of the state department of finance before it becomes effective and payable.*"

In 1933, subdivision 12 of section 3692 of the Political Code was again amended by omitting therefrom the phrase with relation to the secretary's salary, "with the approval of the department of finance". That section now reads:

"The powers and duties of the state board of equalization are as follows:

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"12. To appoint its secretary, prescribe and enforce his duties. The secretary shall hold his office during the pleasure of the board *and shall receive such compensation as may be prescribed by the board.*"

January 7, 1935, the board of equalization reduced the salary of the secretary to $5,000 per year, which change in his salary was duly approved by the department of finance. But at a meeting on August 7, 1935, the board of equalization, effective August 1, 1935, again increased his salary to the former amount of $6,600 per year, which was payable in equal monthly instalments. This last mentioned action of the board of equalization, which increased the secretary's salary to the amount of $1600 per year over the preceding fixed salary of $5,000 per year, was not approved by the department of finance. The former fixed and approved salary of $5,000 has been fully paid. After having served as secretary for the period of one year following the last mentioned increase of salary, the secretary demanded of the state controller the issuing of a warrant in his favor for the increased amount of his salary to August 1, 1936, in the sum of $1600, which was refused. The last mentioned sum is all that is involved in this proceeding. This petition for a writ of *mandamus* was then filed in the Superior Court of Sacra-

mento County. The writ was denied, and a judgment was rendered dismissing the proceeding. From that judgment this appeal was perfected.

The questions to be determined are whether the amendment to section 3692, subdivision 12, in 1933, eliminating therefrom the phrase "with the approval of the department of finance" constitutes a special statute which is controlling over the general provisions of section 675b, now 675.1, of the Political Code, with respect to the necessity of procuring the approval of the department of finance before the salary of the secretary which has been fixed by the board of equalization becomes "effective and payable", and whether section 675b of the Political Code was unconstitutional and void for the reason that the subject of the regulation and approval of salaries by the department of finance was not expressed in the title to the act as required by article IV, section 24, of the Constitution of Califorinia.

It will be observed that prior to the amendment of section 3692, subdivision 12, of the Political Code in 1933, both that section and the provisions of section 675b of the Political Code required the approval of the department of finance before the secretary's salary became effective and payable.

It is urged by the petitioner that the act of the legislature amending section 3692, subdivision 12, in 1933 by eliminating the phrase, "with the approval of the department of finance", and by adding thereto the mandatory language that the secretary *"shall receive* such compensation as may be prescribed by the board" clearly indicates that it was the intention of the legislature to exempt from the law authorizing the fixing of the secretary's salary the necessity of procuring the approval of the department of finance. It is also asserted that section 675b, as it then existed, was unconstitutional and void for the reason above mentioned.

On the contrary, the respondent argues that the elimination of the approval clause of the special statute merely left the general law, which was then found in section 675b, applicable, and that it must be presumed on the principle of upholding both statutes, if they may be reasonably reconciled, that the legislature knew the provision with relation to the approval of the salary by the department of finance, which was found in both sections, was merely cumulative and unnecessary.

The principles applicable to the construction of statutes which are adopted at the same time and which apply to the

same subject-matter are so closely related that it is often difficult to determine which one is controlling. The solution of the problem frequently turns upon the application of these well known rules to ascertain if possible *the intention of the legislature* with relation to the statutes in question.

■ We have concluded that the amendment of section 3692, subdivision 12, of the Political Code in 1933, eliminating therefrom the phrase "with the approval of the department of finance" was intended by the legislature to and had the effect of relieving the board of equalization from the necessity of securing the approval of the department of finance of the secretary's salary which was fixed by the board subsequent to that amendment, and that his salary fixed by the board pursuant to that amended statute thereafter became effective and payable without the approval of the department of finance.

■ It is true that statutes which are *in pari materia* should be construed together and reconciled so as to uphold both of them if it is reasonably possible to do so. This is especially true when such statutes are enacted at the same time, or at the same session of the legislature or when they become effective on the same date. (59 C. J. 1053, sec. 622.) Even when one such statute merely deals generally with a particular subject while the other legislates specially upon the same subject with greater detail and particularity, the two should be reconciled and construed so as to uphold both of them if possible. (*Cohn* v. *Isensee,* 45 Cal. App. 531 [188 Pac. 279].) Section 675b of the Political Code, which was applicable generally to the necessity of procuring the approval of salaries of officers fixed by certain departments did not permanently lose its effectiveness with respect to the salary of the secretary of the board of equalization merely because that approval was also required by the provisions of the special enactment of section 3692, subdivision 12. Upon the repeal or amendment of the last mentioned section, the general provisions of section 675b with respect to that subject might be set in motion and become effective in that regard if it were valid. (*Seattle Coal & Transp. Co.* v. *Thomas,* 57 Cal. 197; *Lewis* v. *County Clerk of Santa Clara County,* 55 Cal. 604; *Ex parte Williamson,* 116 Wash. 560 [200 Pac. 329]; *County of Ventura* v. *Barry,* 202 Cal. 550 [262 Pac. 1081].)

█ But in the present proceeding the following circumstances furnish very persuasive evidence that the legislature did not intend to subject the payment of the salary of the secretary of the board of equalization to the approval clause of the general enactment of section 675b of the Political Code. When the last mentioned section was approved May 15, 1931, the salary of the secretary was then statutory. It was then definitely fixed by section 3700a of the Political Code at $4,000 per year. Section 675b did not assume to apply to salaries of officers which were then definitely fixed by statute. It purports to apply only to *salaries fixed by* "state departments, boards, commissions, courts or officers". It is true that section 3692, which authorized the board of equalization to fix the secretary's salary *was later approved* on June 9, 1931, and that it took effect upon the same date when section 675b became effective. █ It is not conclusive of this problem, but it is recognized as a rule of construction in determining which act is controlling under such circumstances, that the statute last approved particularly if it be a special act applicable to a particular subject, will be controlling over one which was previously approved, on the theory that it is the latest utterance of the legislature. (*County of Mariposa* v. *County of Madera,* 142 Cal. 50, 55 [75 Pac. 572]; *Ex parte Sohncke,* 148 Cal. 262 [82 Pac. 956, 113 Am. St. Rep. 236, 7 Ann. Cas. 475, 2 L. R. A. (N. S.) 813].) In the present case it is evident that section 3692, subdivision 12, is a special act applying only to the duties and salary of a particular officer, while section 675b is general in its nature. The rule of construction is established that a special statute ordinarily has precedence over a general act of the legislature. Moreover, it seems clear that by deliberately amending section 3692, subdivision 12, by omitting the language "with the approval of the department of finance", the legislature intended to relieve that statute of the approval clause. (*Shearer* v. *Flannery,* 68 Cal. App. 91, 94 [228 Pac. 549]; *United States* v. *Prentis,* 182 Fed. 894; *United States* v. *One Ice Box,* 37 Fed. (2d) 120; *San Marcos Baptist Academy* v. *Burgess,* (Tex. Civ. App.) 292 S. W. 626. █ We must assume the legislature had some definite purpose in view in amending the last mentioned section. The only reasonable result to be attained by that amendment was to relieve the statute of the approval clause. If this statute was deemed to be merely cumulative in its effect with that of

section 675b it would appear to be idle and useless to amend one of them, for it certainly did no harm to leave it as it previously existed. The strongest circumstance indicating that the legislature intended by the amendment of section 3692 to relieve it of the approval clause is that this intention would furnish a reasonable purpose and design for the change in the law. Otherwise it was useless and idle to modify the statute. We must assume the legislature had a purpose and design in amending that statute. (*People* v. *Weitzel*, 201 Cal. 116, 118 [255 Pac. 792, 52 A. L. R. 811].) In the case last cited it is said in that regard:

" 'Where changes have been introduced by amendment, it is not to be assumed that they were without design; usually an intent to change the law is inferred.' (*In re Segregation of School District No. 58*, 34 Idaho, 222 [200 Pac. 138].) In *Rieger* v. *Harrington*, 102 Or. 603 [203 Pac. 576, 580], it was said: '*By amending that statute, the legislature demonstrated an intent to change the pre-existing law, and the presumption must be that it was intended to change the meaning of the statute in all the particulars wherein there is a material change in the language of the amended act.*' To the same effect are the following authorities: *Springfield Co.* v. *Walton*, 95 Mo. App. 256 [69 S. W. 477]; *Duff* v. *Karr*, 91 Mo. App. 16; *Pierce* v. *County of Solano*, 62 Cal. App. 465, 469 [217 Pac. 545]; *Shearer* v. *Flannery*, 68 Cal. App. 91, 94 [228 Pac. 549]."

In *Lundquist* v. *Lundstrom*, 94 Cal. App. 109, 112 [270 Pac. 696], it was also held that the legislature must be presumed to have intended to change the effect of a statute by an amendment which deliberately and clearly changes the language substantially.

■ There is another reason which precludes us from holding that the general provisions of section 675b of the Political Code, as it existed after the amendment of section 3692 in 1933, were not controlling with respect to the necessity of procuring an approval of the salary of the secretary which was fixed at $6,600 on August 1, 1935. We are persuaded that section 675b was unconstitutional and void for the reason that its title contained no reference to the authority of the department of finance to regulate, control or approve salaries of officers. The title to the act merely declared that it was enacted to amend certain sections of the Political Code and to add other sections, including section 675b, ''relating to the

department of finance". This title gave no intimation that authority was to be conferred upon that department to regulate or approve salaries of officers. Prior to the adoption of that section the department of finance had no such authority. For the reason that the title to section 675b was defective and fails to conform to the mandate of article IV, section 24, of the Constitution of California it was void and may therefore not control the provisions of the special act with relation to the secretary's salary contained in section 3692, subdivision 12, of the Political Code. The unconstitutionality of section 675b, because of the defective title thereto, was evidently recognized by the legislature by the subsequent repeal of the last mentioned section in 1935 and the adoption of a new section in lieu thereof, designated as section 675.1 of the Political Code. (Stats. 1935, p. 404.) This last mentioned enactment, however, does not affect this proceeding because it was adopted after the petitioner's claim accrued.

It is true that the title to an act should be liberally construed so as to uphold the statute if a reasonable reference to the subject-matter included therein may be ascertained from the language employed, and that it is not necessary to embrace in the title every detail of the subjects of the enactment. (*Hecke* v. *Riley*, 209 Cal. 767, 775 [290 Pac. 451].) It is there said:

"It is now well settled 'that the constitutional provision requiring the subject of the act to be expressed in its title must be liberally construed, and that all that is required to be contained therein in order to meet the constitutional requirement is a reasonably intelligent reference to the subject to which the legislation of the act is to be addressed. It is not necessary that it should "embrace an abstract or catalogue of its contents" '. (*Estate of McPhee*, 154 Cal. 385, 389 [97 Pac. 878, 880].)"

In the Hecke case, *supra*, the title, which was held to adequately comply with the Constitution, after specifying certain sections of the Political Code which were amended, then recites that the provisions are "relating to the department of agriculture and the division of land settlement thereof". (Stats. 1929, p. 677.) These amendments merely modified the provisions of an act creating the department of agriculture of the state and designating the duties of the director of agriculture (Stats. 1919, p. 542; 1 Deering's General Laws of 1931, p. 40, Act 113), with relation to the

state land settlement division thereof. The general powers of that division then existed by virtue of the Department of Agriculture Act. The amendments affected only such general authority. Reference in the title to the ''department of agriculture and the division of land settlement'' was therefore held to be adequate. But in the present case the effort to confer upon the department of finance for the first time in section 675b of the Political Code the authority to regulate and approve all salaries fixed by ''departments, boards, commissions, courts or officers'' was entirely foreign to any powers previously possessed by the department of finance. That department had previously been authorized by statute to audit all claims, but it had not been permitted to regulate or approve the fixing of any salaries. These added duties are so distinct from the former duties of the department that the title to section 675b would be entirely misleading with regard to the proposed legislation. We are therefore of the opinion that section was unconstitutional and void.

For the foregoing reasons the judgment should be reversed. It is so ordered. The court is directed to grant the writ of *mandamus* requiring the state controller to issue a warrant in favor of the petitioner in the sum of $1600 as prayed for.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 23, 1937. Edmonds, J., Shenk, J., and Nourse, J., *pro tem.,* voted for a hearing.